IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK RANKINE** )<br>    **Plaintiff** )<br> )<br>vs. )<br> )<br>**SUPER. SOBINA, et al.** )<br>    **Defendants.** ) | C.A.No. 03-313 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that Plaintiff's second amended complaint be dismissed for Plaintiff's failure to prosecute.

**II    REPORT**

Plaintiff, an inmate currently incarcerated at the State Correctional Institution at Somerset, filed this civil rights action.

By Order dated June 16, 2004, Plaintiff was granted leave to file a second amended complaint and was directed to serve the new Defendants with all three complaints by U.S. Marshal Service. Document # 42. To date, Plaintiff has not served the second amended complaint.

By Order dated January 18, 2005, this Court directed Plaintiff to show cause before February 10, 2005, for his failure to serve the new Defendants. The order warned that failure to comply would result in the dismissal of these Defendants. Document # 46. To date, Plaintiff has failed to comply.

By Order dated February 15, 2005, this Court again directed Plaintiff to show cause for his failure to serve the new Defendants. The order again warned that failure to comply would

1

result in dismissal for failure to prosecute. Document # 49. To date, Plaintiff has failed to comply.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of the second amended complaint. Since the filing of the second amended complaint, Plaintiff has taken none of the necessary first steps to prosecute this case as to the new Defendants. Further, Plaintiff has ignored several orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's second amended complaint be dismissed for Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the

date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                           S/ Susan Paradise Baxter
                                           SUSAN PARADISE BAXTER
                                           Chief United States Magistrate Judge

Dated: August 1, 2005