**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK A. RANKINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 03-0313E** |
| | ) | |
| **V.** | ) | **Judge Sean J. McLaughlin** |
| | ) | **Mag. Judge Susan Paradise Baxter** |
| **Superintendent RAYMOND J. SOBINA;** | ) | |
| **UNIT MANAGER McNELIS; UNIT** | ) | |
| **COUNSELOR HUGHES; C.O.** | ) | |
| **TROJAN; UNIT MANAGER** | ) | |
| **MAILMAN; C.O. HECKMAN; UNIT** | ) | |
| **COUNSELOR HERDMAN; SGT.** | ) | |
| **CASTINA; MEMBERS OF THE PRC;** | ) | |
| **HEARING EXAMINER CROSS; MARY** | ) | |
| **ANN BERTOLINO; LT. STEVE** | ) | |
| **SIMOSKO; C.O. MUNION; C.O.** | ) | |
| **PRINCE a/k/a Pritts; C.O. CHAPLEY;** | ) | |
| **C.O. FEY; C.O. LUKE; C.O. HEISS;** | ) | |
| **C.O. HUBER; C.O. KROMELL; SGT.** | ) | |
| **STAYER; SGT. DELOSH; LT. T. J.** | ) | |
| **WILSON; JOSEPH Grievance** | ) | |
| **Coordinator; MOLLIGAN,** | ) | **Electronically Filed** |
| | ) | |
| **Defendants.** | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
**ORIGINAL COMPLAINT, FIRST AMENDED COMPLAINT, AND**
**SECOND AMENDED COMPLAINT**
Or in the Alternative
**MOTION FOR MORE DEFINITE STATEMENT**

## I. STATEMENT OF THE CASE

Plaintiff, Derrick A. Rankine (inmate number EU-5850), is a pro se prisoner currently in

the custody of the Pennsylvania Department of Corrections (DOC) in the State Correctional

Facility at Fayette (SCI-Fayette). Plaintiff has brought the instant action pursuant to 42 U.S.C.

§1983 against several individuals employed by the DOC alleging numerous Constitutional

violations.  Due to the confusing nature of this action, a detailed recitation of the procedural history is necessary.

Plaintiff was granted permission to proceed *in forma pauperis* (hereinafter, IFP) on October 17, 2003 (see Docket #2) and filed his original Complaint on October 23, 2003.  (See Doc. #3).  On January 15, 2004, Plaintiff moved for leave to amend his Complaint, including in his motion what appears to be the proposed amendment.  (See Doc. #6).  With that motion still pending before the Court, Plaintiff moved to amend his Complaint a second time on February 12, 2004, again including in his motion the apparent proposed amendment.  (See Doc. #33).

The defendants, initially named by Plaintiff, were served the original Complaint (see Doc. # 7-31), and thereafter moved to dismiss it, on April 9, 2004.  (See Doc. #36).  By Order of Court dated June 15, 2004, Plaintiff's two motions to amend (see Doc. #6, and Doc. #33) were granted and, consequently, defendants' still-pending Motion to Dismiss was deemed moot.  (See Doc. #42).

On June 28, 2004, defendants filed a "reassertion" of their original Motion to Dismiss, requesting that the arguments they had previously set forth be incorporated with reference to the amended Complaints.  (See Doc. 43).  On January 18, 2005, this Honorable Court issued a Report and Recommendation, proposing that the defendants' reinstated Motion to Dismiss be granted with regard to Plaintiff's original Complaint, but noting that the parties and claims added by the amended Complaints had not yet been addressed by defendants.  (See Doc. #47).  In response thereto, defendants filed a Motion to Dismiss Original and Amended Complaints on February 22, 2005.  (See Doc. #50).  However, the aforementioned January 18th Report and Recommendation was adopted by Memorandum Order entered on February 28, 2005, and the case was consequently closed.  (See Doc. #52).

2

On March 17, 2005, Plaintiff appealed the February 28th Memorandum Order to the Third Circuit, where the action was docketed at 05-1906.[1]  With this appeal pending, defendants' Motion to Dismiss Original and Amended Complaints was dismissed without prejudice, and defendants were given a period of 20 days from return of the record to file an Answer, Motion to Dismiss, or Motion for Summary Judgment "which fully addresses all the claims of the original and amended complaints."  (See Doc. #60).  This motion is filed in response thereto.


## II.  STANDARD OF REVIEW

### A.     Standard Applicable to Fed.R.Civ.P. Rule 12(b)(6) Motion to Dismiss

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a motion to dismiss cannot be granted unless the court is satisfied that "no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  See Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  See Estelle v. Gamble, 429 U.S. 97 (1976).

---

[1] This appeal was ultimately denied because the Order, of which Plaintiff sought review, was not a final judgment.

**B.    Standard Applicable to Fed.R.Civ.P. Rule 12(e) Motion for More Definite Statement**

Pursuant to Fed.R.Civ.P. Rule 12(3), a motion for more definite statement "is appropriate when 'a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" Sokol v. Reading Regional Airport Auth., 1999 U.S.Dist.LEXIS 11696, *4 (E.D.Pa. 1999), *citing*, Fed.R.Civ.P. Rule 12(e).  Moreover, "[t]he basis for granting such a motion is unintelligibility, not lack of detail."  See Sun Company, Inc. (R & M) v. Badger Design & Constructors, Inc., 939 F.Supp. 365, 374 (E.D.Pa. 1996).


**III.  ARGUMENT**

**A.    Plaintiff is subject to the "three strikes" rule, pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §1915(g).**

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides that

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is in imminent danger of serious physical injury."

Fed.R.Civ.P. Rule §1915(g).

In clarifying the sole exception provided in §1915(g), the Third Circuit has held that "the 'imminent danger' [must] exist contemporaneously with the bringing of the action." Abdul-Akbar v. McKelvie, 293 F.3d 307, 312 (3d Cir. 2001).  In reaching this conclusion, the Court reasoned that "[s]omeone whose danger has passed cannot reasonably be described as someone

4

who 'is' in danger, nor can past danger reasonably be described as 'imminent.'" <u>Abdul-Akbar</u>, 293 F.3d at 313.

In the course or preparing the instant pleading, a review of Plaintiff's litigious history in the Federal Courts revealed that he, indeed, already has "three strikes," pursuant to §1915(g). Plaintiff accumulated each of these "strikes" in the United States District Court for the Eastern District of Pennsylvania, at civil action docket numbers 01-0651, 01-0653, and 01-0654 respectively. In docket number 01-0651, Plaintiff was granted permission to proceed IFP and then the action was dismissed, *sua sponte*, "pursuant to USC Sect 1915(e), for failure to state a claim upon which relief may be granted." (<u>See</u> E.D.Pa. 01-0651, Doc. #2). In docket number 01-0653, Plaintiff was again granted permission to proceed IFP, and the action was again dismissed *sua sponte*, this time because it was "legally frivolous pursuant to 28 U.S.C. Section 1915(e)." (<u>See</u> E.D.Pa. 01-0653, Doc. #2). Plaintiff's final strike came in docket number 01-0654, wherein Plaintiff was again granted IFP status, and thereafter had both his original and amended complaints dismissed *sua sponte* for "failure to state a claim upon which relief can be granted." (<u>See</u> E.D.Pa. 01-0654, Doc. #'s 2 and 5).

In the instant matter, although Plaintiff appears to allege that he has been verbally threatened by corrections officers, he does not appear to allege that he was in "imminent danger" at the time the Complaint was filed. (<u>See</u> Doc. #3). As such, the instant matter should be dismissed for failure to comply with the PLRA.

**B.    Plaintiff has failed to adequately serve the defendants, pursuant to Rule 4 of the Federal Rules of Civil Procedure.**

Rule 4 of the Federal Rules of Civil Procedure requires Plaintiff to serve each defendant with a summons and copy of the complaint. <u>See</u> F.R.Civ.P. Rule 4(c). Rule 4 further provides that:

> [s]ervice upon an individual from whom a waiver has not been obtained and filed... may be effected in any judicial district of the United States... by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof and the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

F.R.Civ.P. Rule 4(e)(2). In addition to these guidelines regarding manner of service, Rule 4 places a time limit within which service must be executed. Rule 4 section (m) provides that:

> [if] service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time period.

F.R.Civ.P. Rule 4(m). <u>See also</u> <u>Pittman v. LaFontaine</u>, 756 F.Supp. 834, 847 (D.NJ 1991) (court dismissed complaint *sua sponte* for failure to effectuate service of summons in a timely manner as proscribed by F.R.Civ.P. Rule 4).

As briefly discussed in the procedural history provided above, Plaintiff has effectuated only one valid service of process thus far – that of his original Complaint on

6

the 25 originally named defendants[2].  (See Doc. # 7-31).  Plaintiff has never served any

of the amended complaints on these original defendants.   (See Docket, *generally*).

What's more, Plaintiff has never served the 32 additional defendants, added by his

Amended Complaints, with any pleadings whatsoever.[3]   (See Docket, *generally*).  As

such, the claims raised against the original defendants in Plaintiff's Amended Complaints

should be dismissed for failure to comply with Fed.R.Civ.P. Rule 4; and the instant

action, in its entirety, should be dismissed against the 32 additional defendants[4] named in

Plaintiff's amended Complaints.

---

[2] In his original Complaint, Plaintiff names 25 defendants.  (See Doc. #3).  These individuals are the same defendants listed on the docket sheet for this action. (See Docket, *generally*).  For the Court's convenience, Plaintiff's original Complaint has been attached hereto as Exhibit 1.  It should be noted that, in considering 12(b)(6) motions to dismiss, courts may take judicial notice of public records, orders, exhibits attached to the complaint, and items appearing in the record of the case.  See, Oshiver v. Levin, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Dinicola v. DiPaolo, 945 F.Supp. 848, 855 n.2 (W.D. Pa., 1996).  Therefore, the attached pleadings, already in the record in this case, can properly be considered.

[3] Plaintiff has labeled four (4) different pleadings as motions to amend the complaint, containing each time the apparent proposed amendment.  Defendants are unclear as to which of these documents is the First Amended complaint, which is the Second, and which of these documents have been formally excepted into the record by this Honorable Court.  As such, these documents are also attached hereto, as indicated above.

[4] The individuals named in Plaintiff's Amended Complaints have not yet be added to the caption in this action because they do not appear on the docket.  There were 26 defendants added by Plaintiff's apparent First Amended Complaint:  Amenti; Coughenour; Evans; Haywood; Regester; Hainworth; Bakos; Dayton; Miller; Huber; Boylan; Neisser; McCool; Beard; O'Hara; Thomas James; Robert S. Bitner; Rosum; White; Brothers; Wadworth; Putam; Folge; Synder; Labosky; and Kodish.  (See Exhibit 2).  There were six (6) defendants added by Plaintiff's apparent Second Amended Complaint: Heidi Sroka; John McCullough; Gauntner; Roman; and Bringer, and the previously-named defendant Joseph was clarified to be Joseph Visinisky.  (See Exhibit 3).

**C.    Plaintiff has failed to comply with the requirements on Rule 8 of the Federal Rules of Civil Procedure.**

Rule 8 of the Federal Rules of Civil Procedure, entitled "General Rules of Pleading," sets forth the requirements for filing various pleadings in civil court, including claims for relief such as Plaintiff's in the instant case.  See Fed.R.Civ.P. Rule 8(a).  With regard to the form of a civil complaint, Rule 8(e), entitled "Pleading to be Concise and Direct; Consistency," specifically states that "each averment of a pleading shall be simple, concise, and direct."  Fed.R.Civ.P. Rule 8(e)(1).

While it is admitted that "a heightened pleading requirement for civil rights complaints no longer retains vitality under the federal rules" (see Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004)), basic pleading requirements under the Federal Rules of Civil Procedure apply to self-represented and counseled plaintiffs alike."  Untracht v. Fikri, 368 F.Supp.2d 409, 413 (W.D.Pa. April 6, 2005), *citing*, Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004).

In the instant case, Plaintiff has failed to comply with the requirements of Rule 8(e) in many ways.  Plaintiff's original and amended complaints are rambling, repetitive, and prolix documents.  (See Exhibits 1, 2, and 3).  None of them contain paragraph, claim, or page numbers.  Id.  The original Complaint is 21 pages long, and names 25 defendants.  (See Exhibit 1).  Plaintiff's First Amended Complaint is 14 pages long, and names 26 *additional* defendants.  (See Exhibit 2).  Plaintiff's Second Amended Complaint is 57 pages long (including attachments) and names 6 *additional* defendants. [5] (See Exhibit 3).  Plaintiff has, in *no* way, set forth a "simple, concise, and direct"

---

[5] For a grand total of 57 named defendants.

statement of his claims, and has, therefore, failed to comply with the requirements of Rule 8(e).

A district court may dismiss a complaint without prejudice for failure to conform to the standards of Rule 8 and allow the documents' proponent an opportunity to later correct this deficiency and re-file.  See Alston, 363 F.3d at 234.  Alternatively, the United States Supreme Court has held that failure to comply with the requirements of Rule 8 may also be sufficient grounds upon which to grant a Rule 12(e) Motion for More Definite Statement.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

In the event that the arguments set forth in sections A. and B. above prove insufficient bases for granting dismissal of Plaintiff's claims, defendants submit that the original and amended complaints should be dismissed for failure to comply with Rule 8. In the alternative, defendants move for a more definite statement by Plaintiff, pursuant to Fed.R.Civ.P. Rule 12(e).

## IV.  CONCLUSION

WHEREFORE, it is respectfully requested that Plaintiff's original and amended complaints be dismissed; or, in the alternative, that Plaintiff be ordered to file a more definite statement of his claims.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:     /s/ Kemal Alexander Mericli
KEMAL ALEXANDER MERICLI
Senior Deputy Attorney General
PA I.D. No. 27703

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-7680

Date:   October 14, 2005