United States District Court
Western District Pennsylvania.
Erie Pennsylvania 16501.

Derrick Rankine
  vs.                          ] C.A.# 03-313 Erie
Superintendent Sobina et al. ]

Plaintiff's Reponse to Defendants Motion to Dismissed.

(a)             Three Strikes Rubbish.

Defendants claimed that Plaintiff have used up three strikes is rubbish, since Plaintiffs three Complaints in the United States District Court For Eastern Pennsyvania, were dismissed pursuant to Heck V Humphrey 512 U.S. 477, 487, 114 S.Ct. 2364, 2372-2373, 129 L.Ed.2d 383 (1994), because Judge Rayford Means, remand the Plaintiff into custody on April 4, 2001, under the guised that Plaintiff was incompetent to stand, in retaliation because the Plaintiff objected to the imposition of Mr. Keith Dews on the Plaintiff, without a competency hearing in open court and on the record, and without even being in the Courtroom. Appel V Horn 250 F3d 203 209-218 (C.A.3. 2001).

The Plaintiff was also denied a waiver of counsel hearing, even thought Plaintiff filed a timely waiver of counsel motion, Faretta V California 422 US 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) and waived the right to counsel by conduct, United States V Thomas 220 F.Supp.2d 430 at 438-442 (Plaintiff fired 6 lawyers before trial), yet Plaintiff was denied the timely and repeatedly

(2)

requested right to self-representation. Faretta V California in supra.

Plaintiff was also denied a hearing on Plaintiff's timely filed (a) Motion for a Writ of Habeas Corpus, (b) Motion to dismissed for excessive and prejudicial delay between August 13, 1999 and March 23, 2000 and between March 23, 2000 and the present time and (c) Motion to dismissed for violating Plaintiff's speedy trial rights. See Pa. R. Crim. Pro. Rule 1100y. Fed. R. Crim. Pro. Rule 48b). Com V Palmer 558 A. 2d 882 at 885 (Pa Super 1989)(once an accused have filed an omnibus pre-trial motion, the accused may not be tried until those motions are disposed of by the Courts). Com V Riffert 379 Pa Super 1 at 10, 549 A 2d 566 at 570-571 (1988); and appointed counsel may not waived issues raised by client. Faretta V California 422 U.S. at 816, 95 S.Ct 2530-2531.

At trial, the Plaintiff was again denied the right to self-representation, under the guised that the Plaintiff was competent to stand trial but incompetent for self-representation, again without a competency hearing or a waiver of counsel hearing. See Godinez V Moran 509 U.S. 389, 396-401, 113 S.Ct 2680, 2686-2688, 125 L.Ed 2d 321.

Plaintiff was again denied a hearing on a timely filed pre-trial motions, and trial counsel impeached the Plaintiff's alibi defence in opening argument, then trial counsel impeach himself in closing argument, then trial counsel admitted that the Plaintiff did told trial counsel of the Plaintiff's alibi witnesses.

(3)

So contrary to the defendants claim, the Plaintiffs complaints were dismiss, due to the criminal conduct of Mr. Keith Dews, Judge Rayford Means and the District Attorney of Philadelphia, and each one was classified as Heck V Humphrey violations. Plaintiff was told by Judge James Giles that when the Plaintiff's criminal convictions are overturned, the Plaintiff was to refiled all three Complaints. Plaintiff was convicted using false D.N.A. Evidence as Plaintiffs exhibits P-1 and P-2 shows. Brady V Maryland 373 U.S. 83 87-90, 83 S.Ct 1194, 1195-1196, 10 L.Ed.2d. 215 (1963). So the defendants claims are patently false, and there should be denied.

Contrary to the defendants claims again, the Plaintiff was assaulted by defendants Munion, Pritts and Chapley and terrorized night and day while at SCI-Somerset. On 05/25/05, defendant Chapley paid inmate Dwayne Hill to throwed urine in the Plaintiffs face. On 07/27/05, C/O Knupsky paid inmates David Dunbar and Jamel Buckington to spitted on the Plaintiff. Between May 4, 2005, prison officials here have spotted the Plaintiffs medication ten (10) times in a cold blooded attempted to murdered the Plaintiff, in retaliation for pursuing this action, C.A.# 03-105 Erie and C.A.# 04-100 Erie. On 10/14/05, C/O Kowall came into Plain Plaintiffs cell and removed Plaintiff medications, which caused the Plaintiff to vomitted blood and have severe chest pains from 10/14/05 to

4. to 10/18/05; Plaintiff's medications were returned on 10/18/05. Between 08/27/05 to 09/27/05, Plaintiff was deliberately and maliciously taken of Plaintiff medications, by Mr. Chris Meyers and Mr. Tretinik in another attempt to murder the Plaintiff and made it look like an accident, in retaliation for pursuing this action. ect. So, Plaintiff was in imminent danger when this action was initiated and Plaintiff is in serious danger and imminent danger at this time from prison officials. Abdul-Akbar 293 F3d at 313 Therefore this claim must fail.

(b). Defendants next argued that the Plaintiff failed to adequately served the defendants. This argument is rubbish. While at SCI-Somerset the Plaintiff attempted to served each named defendants personally, all of the defendants refused service, except defendants Munion, Pritts and Chapley. Defendants Pritts, Munion and Chapley took their copies of the complaint and spitted on it then tore them up. Plaintiff then mailed a copy of the complaint to Secretary Jeffery Bread and a copy to the Office of the Attorney General, whom is counsel of record for the defendants. Fed. R. Civ. Pro. Rule(4). So, the defendants were served in a timely manner.

Defendant, the medical department still refused to accepted service of the complaint even at this time and the medical department refused to responded to all fifteen(15) of Plaintiffs requests for the name and address of the medical department counsel.

(5).

Fed. R. Civ. Pro. Rule 4 (defendants may not refused service of a complaint, then cry that defendants were not served).

(2) When the Plaintiff contacted the United States Marshall to request that the Summons be served on all defendants, Plaintiff was informed by the United States Marshall that no order was issued by the Courts, therefore the Summons could not be served. So, the failure to served the defendants in a timely manner, if that had occurred would be due to the defendants terroristic behavior and hooliganism towards the Plaintiff. Fed. R. Civ. Pro. Rule 4. Therefore, this claim must fail.

(C) Defendants next argued that Plaintiff's complaint is not understandable and so violates Fed. R. Civ. Pro. Rule 8. This argument is rubbish. First, the defendants took two (2) years to cry that defendants cannot understand Plaintiff complaint, which is belied by the defendants first motion to dismiss. In the defendants first motion to dismissed, the defendants argued that prison officials can steal Plaintiffs property and, Plaintiff must not and cannot obtained legal redress for these property; that the defendants have a right to denied Plaintiff access to the Courts without been liable; that defendants have a right to assault and humiliated and tortured and terrorized the Plaintiff without been liable, so this argument again is rubbish. Fed. R. Civ. Pro. Rule 8. Alston v Parker

363 F.3d 229, 231-234 (3rd Cir 2004). Alston V Parker made it clear that even if this argument was true the court should appoint counsel for the plaintiff instead of dismissing plaintiffs complaint Fed R Civ. Pro. Rule 8. Therefore, the defendants motion to dismissed should be denied, and the case listed for trial on a date certain.

Respectfully Submitted
Domick Rankine
EU 5850
SCI-Fayette
P.O. Box 9999
LaBelle PA 15450

10/18/05.

Enclosed are Plaintiffs Exhibits P.1 and P.2 D.A. lies B.1, B.2 and B.3, please file See Com. V Stansbury 640 A2d 1368, 1370 Com. V Majorania 445 A2d 529 at 532 (Footnote 8). This will prove to you that this plaintiff was knowingly, intentionally and deliberately railroaded into prison by Judge Rayford Means, Mr. Keith Dews, Mr. Albert Raman, Mr. Donald Chisholm II and Mr. Alston B. Meade to be murdered and this is why these defendants attempted to murdered this plaintiff. This D.N.A evidence is false. Domick Rankine 10/18/05

United States District Court
Western District Pennsylvania
Erie Pennsylvania 16501.

Derrick Rankine
    Vs.　　　　　] C.A#03-313 Erie
Superintendent Sobina et Al ]

Proof of Service and Verification.

Plaintiff, Derrick Rankine, swears under oath and the penalty of perjury pursuant to 28 USCA§1746, that all statements made in the within motion are true and correct and that a copy of the within motion and exhibits P.1 P.2 D.A lies B.1, B.2 and B.3, are been given to prison officials to mail to Mr. Kemal Mericli, Office of Attorney General, 6th Floor, Manor Complex, 564 Forbes Avenue, Pittsburgh PA 15219.

                Respectfully Submitted
                Derrick Rankine
                EU5850
                SCI-Fayette
                P.O. Box 9999
10/18/05.        LaBelle PA 15450