*[Handwritten at top:]* D.A TIES B-1 DEFENCE EXHIBIT
The Complainant was defendant's common-law wife from January 1994 to January 1, 2000. Derrick Rankine

**LYNNE ABRAHAM**
DISTRICT ATTORNEY

**DISTRICT ATTORNEY'S OFFICE**
1421 ARCH STREET
PHILADELPHIA, PENNSYLVANIA 19102
(215) 686-8000

August 10, 2005

David A. Szewczak, Esquire
Prothonotary, Superior Court of Pennsylvania
530 Walnut Street, Suite 315
Philadelphia, Pennsylvania 19106

Re: **LETTER BRIEF – PCRA APPEAL**
 **Commonwealth v. Derrick Rankine**
 **555 EDA 2004**

Dear Mr. Szewczak:

Defendant appeals the dismissal of his petition for post conviction relief. His incoherent brief presents claims that are waived because of his failure to present them on direct appeal and because he has completely failed to develop them. Furthermore, all of defendant's claims are utterly meritless. No relief is due.

**FACTUAL AND PROCEDURAL HISTORY**

Defendant dated the victim, Gloria Harper, for a brief period in early 1999. She then ceased contact with him. However, in early August of 1999, defendant spent the night and they had sexual intercourse. Several days later, on August 12, 1999, defendant called to say that he needed to come over to pick up his

*[Handwritten at bottom:]* Received 9/30/05 Derrick Rankine

DEFENCE Exhibit O.A. lies B-2

chemistry books, which he had left at her apartment. When he arrived, he pushed Ms. Harper onto her bed and pinched the inner part of her thighs until she opened them. He then rammed his fingers inside her vagina. This hurt Ms. Harper and she told him, "No," over and over again (N.T. 7/12/01, 67-79).

Defendant did not stop. He pinned her onto the bed with one hand and pulled down his shorts halfway with the other. Then he pushed his penis into her vagina. Ms. Harper again pleaded, "No, stop; don't do this." She was scared to yell because she was afraid defendant might hurt her daughter, who was sleeping in the back room. Finally, defendant stood up, smiled at Ms. Harper and said defiantly, "Now, call the cops" (N.T. 7/12/01, 79-84).

Ms. Harper was in shock. She finished getting ready and took the bus to work but had trouble concentrating, and so she was allowed to leave early. When she got home, she immediately called the police, who took her to the hospital. There, a doctor examined her and collected samples for a rape kit. All of the samples tested positive for semen. A DNA test on blood samples taken from defendant established that the semen was from him (N.T. 7/12/01, 84-92; 7/13/01, 14, 17).

On July 16, 2001, following a trial before the Honorable Rayford A. Means, a jury convicted defendant of rape, aggravated indecent assault, and sexual assault (Information No. 0650, April Term, 2000). On October 16, 2001, Judge Means sentenced defendant to consecutive terms of imprisonment of ten to twenty years for rape and five to ten years for aggravated indecent assault. No

The Complainant was the defendant's common-law wife from January 1994 to January 1, 2000. Derrick Rankine

2

Derrick Rankine received 9/30/05

DEFENCE Exhibit D.A. lies B-3

further penalty was imposed for sexual assault. On September 18, 2002, this Court affirmed defendant's judgments of sentence.

On October 18, 2002, defendant filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et. seq.* ("PCRA"). Counsel was appointed, who then filed an amended petition on June 11, 2003. However, counsel subsequently determined that defendant's claims were without merit and, on November 14, 2003, filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). Following the requisite notice of intent to dismiss pursuant to Pa. R.Crim.P. 907, defendant's petition was dismissed on January 12, 2004. This appeal followed.

The Complainant was the defendants common-law wife from January 1994 to January 1, 2000, and the Complainant stated that the Complainant was raped at 11:30 A.M. at 711 Lycoming Street Phila PA 19140, but the pictures from the Security Camera that was in the Rite Aid Store at 801 South Ninth Street, Phila PA, shows that the Complainant was standing in front of the Rite Aid counter, speaking to Mary or Thersea on August 12, 1999 between 11 A.M. to 12 p.m. and that the Complainant was in this Rite Aid Store from 9:05 A.M. to 9:00 p.m on August 12 1999. So, the defendant could not have and did not raped the Complainant on August 12, 1999 at 11:30 A.M. at 711 Lycoming Street Phila. PA 19140. Com V. Roxberry 602 A 2d 826, 827-830 (1992) Demick Rankine

These pictures were stolen by prison officials at SCI-Albion and suppressed by the trial judge at trial. Chapman V California 386 U.S. 18 43-44.

3

Received 9/30/05. Demick Rankine