IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK A. RANKINE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 03-313 Erie |
| RAYMOND SOBINA, et al., | ) ) ) |
| Defendants. | ) |

**MOTION TO DISMISS**
**THIRD AMENDED COMPLAINT WITHOUT SERVICE**

AND NOW, come the defendants, Sobina, McNelis, Hughes, Troyan, Mailman, Heckman, Herdman, Castania, Cross, Bertolino, Simosko, Munion, Prince, Chapley, Fey, Lucas, Heiss, Huber, Kromell, Stayer, Delosh, Wilson, Joseph and Mulligan, by their attorneys, Thomas W. Corbett, Jr., Attorney General, Kemal Alexander Mericli, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, who submit the following:

1.  Plainly Rankin has "3 strikes" under the PLRA. (See, Motion to Dismiss Plaintiff's Original Complaint, First Amended Complaint and Second Amended Complaint – October 14, 2005).

2.  This Court originally dismissed plaintiff's original complaint in this action by report and recommendation on January 18, 2005 adopted by Memorandum Order on February 28, 2005, only to revisit the matter sua sponte following an appeal by

plaintiff to the Third Circuit, and then to deny the motion to dismiss the original and amended complaint without prejudice. After filing the original complaint Rankine then spewed out two more amended complaints – the latter of the two entirely without right or leave of court. This Court in its discretion, declined to consider defendants' position that the arguments pertaining to dismissal of the original complaint applied to them as well equally.

3. Subsequently, defendants filed their motion to dismiss all of these complaints on October 14, 2005 that remains pending. That is, defendants moved to dismiss the original complaint (regarding events at SCI-Somerset from June `03 to October `03), an amended complaint (regarding more events there in October `03) and second amended complaint (regarding events from October `03 to December `03).

4. Now he has filed yet another amended complaint (again without leave of court) in this action that has been ordered to be served. Apparently it is the third amended complaint.

5. It deals with his alleged retaliatory transfer from SCI-Somerset to SCI-Greene and the supposed resulting loss of properly at SCI-Greene in January of `04. Now it has been ordered to be served.

6. This action as a result of all this is now somewhat more resembles a "blog" of Rankine's prison experience than a civil rights action on the basis of a schematic complaint in district court.

7. His original complaint is not infinitely "subject to open" like a class of beneficiaries to a will. Nor is there such a thing as a continuing prisoners' rights violation.

2

8.  In <u>National Railway Passengers v. Morgan</u>, 536 U.S. 101 (2002) the Supreme Court held that a "continuing violation" under Title VII is limited to a claim for hostile work environment alone. Every other claim must be treated as a distinct and separate cause of action. It is not a "continuing violation" merely because everything allegedly happened to the plaintiff. <u>Sharpe v. Cureton</u>, 319 F.3d 259 (6th Cir. 2003).

9.  It is <u>unsettled</u>, legally speaking, if there is any sort of "continuing violation" under Section 1983, as distinct from Title VII. If there is, however, it cannot be any different in scope than it is in Title VII. <u>Zeglen v. Pappert</u>, 2005 WL 231 9139 (M.D.Pa.) There has to be a unified discriminatory course of conduct organized around a policy theme at least.

10. The PHRA's restrictions on suit would serve little purpose if a single prisoner's complaint can be infinitely expanded without regard for F.R.C.P. 15(c) just because all of his complaints are about prison conditions affecting him.

11. A prisoner could file one with a claim subject to the "imminent danger" exception or otherwise incur one filing fee payable by installment and then just file amended complaints, thereby avoiding not only the payment of filing fees in installments for any additional civil rights actions but also the "3 strikes" bar, if otherwise applicable to the new claims.

12. Plaintiff's complaints by and large are separate and unrelated events that do not arise out of the same transaction. (One is reminded of the old jazz standard, "Everything Happened To Me.")

## **CONCLUSION**

WHEREFORE, defendants respectfully request that the original and amended complaint and second amended complaints be dismissed under the three strikes rule of the PLRA and that then the third amended be similarly dismissed for the same reason and/or the second and third amended complaints be dismissed additionally for not having been filed by leave of court and without regard for Rule 15(c) and Rankine to be instructed not to file any more amended complaints in this action without obtaining leave of court by motion under Rule 15(c).

      Respectfully submitted,

      **THOMAS W. CORBETT, JR.**
      **Attorney General**

By:    s/Kemal Alexander Mericli
        Kemal Alexander Mericli
        Senior Deputy Attorney General
        Attorney I.D. No. 27703

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  December 2, 2005

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the within Motion to Dismiss Third Amended Complaint Without Service was served upon the following individuals via first-class mail on December 2, 2005:

Derrick A. Rankine, EU-5850
State Correctional Institution
  at Fayette
50 Overlook Drive
Labelle, PA   15450-1050

                                  By:   /s/ Kemal Alexander Mericli
                                         Kemal Alexander Mericli
                                         Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA   15219

Date:  December 2, 2005