IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK RANKINE,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )    C.A. No. 03-313 Erie |
| | )    District Judge McLaughlin |
| RAYMOND SOBINA, et al. | )    Magistrate Judge Baxter |
|     Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or for a more definite statement filed by Defendants Members of the PRC, Sobina, McNelis, Hughes, Troyan, Mailman, Heckman, Herdman, Castania, Cross, Bertolino, Simosko, Munion, Prince, Chapley, Fey, Lucas, Heiss, Huber, Kromell, Stayer, Delosh, Wilson, Joseph and Mulligan [Document # 69] be granted in part and denied in part.  The motion should be granted in that the additional Defendants named in the amended complaints [Documents # 6 and # 33] should be dismissed due to Plaintiff's continued failure to serve them in accordance with the Federal Rules of Civil Procedure.  The motion should be denied in all other respects.

It is further recommended that the motion to dismiss filed by Defendants Sobina, McNelis, Hughes, Troyan, Mailman, Heckman, Herdman, Castania, Cross, Bertolino, Simosko, Munion, Prince, Chapley, Fey, Lucas, Heiss, Huber, Kromell, Stayer, Delosh, Wilson, Joseph and Mulligan  [Document # 73] be dismissed as inappropriate.[1]

---

[1]  The second motion to dismiss is only filed on behalf of twenty-four Defendants, while the first motion to dismiss is filed on behalf of twenty-five Defendants.

1

## II. REPORT

### A. Relevant Procedural History

On October 1, 2003, Plaintiff, Derrick Rankine, an inmate incarcerated within the State Correctional System of Pennsylvania, filed this *pro se* civil rights action. Named as Defendants are: Superintendent Sobina, Unit Manager McNelis, Unit Counselor Hughes, Correctional Officer Trojan, Unit Manager Mailman, Correctional Officer Heckman, Unit Counselor Herdman, Sgt. Castina, unnamed Members of the PRC, Hearing Examiner Cross, Unit Manager Bertolino, Lt. Steve Simosko, Correctional Officer Munion, Correctional Officer Prince (aka Pritts); Correctional Officer Chapley, Correctional Officer Fey, Correctional Officer Luke, Correctional Officer Heiss, Correctional Officer Huber, Correctional Officer Kromell, Sgt. Stayer, Sgt. Delosh, Lt. Wilson, Grievance Coordinator Joseph, and Mulligan.

In his original complaint, Plaintiff alleges that Defendants have conspired together to:

"1) obstruct[] the due administration of law in both state and federal courts;

2) deny Plaintiff access to the courts;

3) subject Plaintiff to cruel and unusual punishment;

4) deny Plaintiff due process of law;

5) threaten[] Plaintiff with death and physical harm in an effort to force Plaintiff to withdraw Plaintiff's lawsuit against SCI-Albion staff;

6) tamper[] with Plaintiff's incoming and outgoing mail by destroy[ing] or holding said mail until the deadline for Plaintiff to response as passed; and

7) falsify[] documentation and forcing Plaintiff to signed said documents under threats of death and physical harm."

Document # 3, Original Complaint.

On January 15, 2004, Plaintiff filed a motion to amend the complaint. Document # 6. By Order, this Court allowed the amendment. In his first amended complaint, Plaintiff adds new Defendants and alleges that prison officials have actively conspired by:

"a) obstructing the due administration of justice in state and federal courts;

b) [...] obstructing the due administration of justice in state and federal by tampering with, destroying, and reading Plaintiff's incoming and outgoing mails;

2

    c)    assaulting, threatening to killed; threatening to [poison] Plaintiff and holding Plaintiff in RHU in retaliation for Plaintiff seeking legal redress in court; and in an effort to force Plaintiff to withdraw cases C.A. 3-313 and C.A. 03-105Erie;

    d)    stealing Plaintiff's property and claiming these property were sent home;

    e)    subjecting Plaintiff to unnecessary and unprovoked mental, emotion and physical cruelty and denying Plaintiff proper medical and dental care;

    f)    [...] denying Plaintiff access to the courts by denying Plaintiff access to and use of a law library and copy machine;

    g)    terroring [sic] and continues to terrorized Plaintiff from 10/29/03 to the present time in retaliation for filing the original action."

Document # 6.

Following two extensions of time granted by this Court, on April 9, 2004, Defendants filed a motion to dismiss and on April 22, 2004, they filed a supporting brief. Documents # 36 and 40. Defendants mis-characterized and over-simplified the allegations of the original and the first amended complaint and moved to dismiss based upon failure to state a claim. Document # 40. Inexplicably, Defendants did not move to dismiss all of the claims, specifically ignoring access to courts, interference with mail, destruction of property, denial of medical/dental care or retaliation, all of which are clearly stated on the face of the original and first amended complaints.

By Order dated June 16, 2004, this Court allowed Plaintiff to further amend his complaint. Document # 42. In his second amended complaint, Plaintiff adds many new Defendants and makes allegations of retaliation against both the original and the additional Defendants. Document # 33. This Court further ordered Plaintiff to serve the new Defendants (with the original and both amended complaints) by U.S. Marshal Service. The motion to dismiss was dismissed without prejudice in light of the filing of the second amended complaint.

Two weeks later, the original Defendants reasserted their previous motion to dismiss, in spite of the filing of the second amended complaint (**or** the fact that the original motion to dismiss did not address all of the claims of the original and amended complaints). Document # 43. By Report and Recommendation dated January 18, 2005, this Court recommended that the

motion to dismiss be granted as to the due process claim and the verbal abuse claim. Document # 47. Because Defendants had not moved to dismiss the other counts, the claims involving access to courts, interference with mail, destruction of property, denial of medical/dental care and retaliation (all of which were clearly stated on the face of the original and first amended complaints) remained.

Plaintiff has not served either the first or the second amended complaints on either the existing Defendants or the new Defendants. Plaintiff has been repeatedly ordered to serve both the original Defendants with the amended complaints and the new Defendants with all of the complaints. See Documents # 47, 54, 64. Plaintiff has been repeatedly warned that his failure to serve the new Defendants would result in their dismissal from this action for failure to prosecute.

Defendants have filed two motions to dismiss. The first motion to dismiss, or alternatively, for a more definite statement, argues that the case should be dismissed in its entirety under the "three strikes" provision of the Prison Litigation Reform Act; that the case should be dismissed as to the "new Defendants" for failure of service by Plaintiff; and, alternatively, that Plaintiff should be directed to file a more specific complaint. Document # 69. Defendants' other motion to dismiss is styled as a motion to dismiss the third amended complaint. Document # 73.

On April 28, 2006, this Court held a telephonic status conference to discuss the status of this case. New case management deadlines have been issued.

### B. Standards of Review

#### 1. *Pro se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper

legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court must consider facts and make inferences where it is appropriate.

### 2.     Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3.     Motion for More Definite Statement

Rule 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed.R.Civ.P. 12(e).  Rule 12(e) motions, however, "are highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." Hughes v. Smith, 2005 WL 435226, at * 4 (E.D.Pa., Feb. 24, 2005) (internal citation omitted). "The basis for granting a 12(e) motion is unintelligibility, not lack of detail." Id.

### C.     The Prison Litigation Reform Act

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides that:

> In no event shall a prisoner bring a civil action [...] under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action [...] that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is in imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Defendants argue that Plaintiff has accumulated three strikes in the U.S. District Court for the Eastern District of Pennsylvania.  However, an inmate may overcome the "three strikes" provision of the PLRA if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v.McKelvie, 239 F.3d 307 (3d Cir. 2001).  As Plaintiff's complaints are full of myriad allegations that he is in imminent danger of serious physical harm, Defendants' motion to dismiss should be denied in this regard.

### D.     Service on "new" Defendants

To date, Plaintiff has not served any of the additional Defendants in this case, despite being ordered by this Court to do so.  It is Plaintiff's obligation to assist the U.S. Marshal Service in it efforts to accomplish service on his behalf.  In September of 2005, this Court issued its final

service order directing service of the second amended complaint. However, instead of serving the new Defendants with the second amended complaint, Plaintiff provided instructions to the U.S. Marshal Service to serve only the original Defendants.

In accordance with Federal Rule of Civil Procedure 4, the new Defendants[2] should be dismissed from this action.[3] Therefore, the motion to dismiss should be granted in this regard.

### E.  The Request for More Definite Statement

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). Under this "notice pleading," the complaint

---

[2] Amenti, Coughenour, Evans, Haywood, Regester, Hainworth, Bakos, Dayton, Miller, Boylan, Neisser, McCool, Beard, O'Hara, James, Bitner, Rosum, White, Brothers, Wadworth, Folge, Synder, Labosky, Kodish, Sroka, McCullough, Gauntner, Roman, Bringer, Visinsky and Putnam.

[3] This Court notes that failure to prosecute is also a valid basis justifying the dismissal of the additional Defendants. In determining whether dismissal is appropriate, the court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case as to the new Defendants. Further, Plaintiff has repeatedly ignored orders by this Court involving service of both the original and additional Defendants. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations against these additional Defendants could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings.

must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Here, Plaintiff's complaints do meet that minimum requirement to set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted.  Therefore, this Court recommends that the motion for a more definite statement be denied.

### F.     Motion to Dismiss Third Amended Complaint

Defendants' second motion to dismiss is captioned as a "motion to dismiss third amended complaint without service."  In this motion, Defendants request that

> The original and amended complaint and second amended complaints be dismissed under the three strikes rule of the PLRA and that the third amended be similarly dismissed for the same reason and/or the second and third amended complaints be dismissed additionally for not having been filed by leave of court and without regard for Rule 15(c) and Rankine to be instructed not to file any more amended complaints in this action without obtaining leave of court by motion under Rule 15(c).

Document # 73, page 4.

Despite Defendants' characterization, there have been only an original and two amended complaints filed.  Defendants' motion is in error and as such should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss or for a more definite statement filed by Defendants Members of the PRC, Sobina, McNelis, Hughes, Troyan, Mailman, Heckman, Herdman, Castania, Cross, Bertolino, Simosko, Munion, Prince, Chapley, Fey, Lucas, Heiss, Huber, Kromell, Stayer, Delosh, Wilson, Joseph and Mulligan [Document # 69] be granted in part and denied in part.  The motion should be granted in that the additional Defendants named in the amended complaints [Documents # 6 and # 33] should be dismissed due to Plaintiff's continued failure to serve them in accordance with the

Federal Rules of Civil Procedure. The motion should be denied in all other respects.

It is further recommended that the motion to dismiss filed by Defendants Sobina, McNelis, Hughes, Troyan, Mailman, Heckman, Herdman, Castania, Cross, Bertolino, Simosko, Munion, Prince, Chapley, Fey, Lucas, Heiss, Huber, Kromell, Stayer, Delosh, Wilson, Joseph and Mulligan [Document # 73] be dismissed as inappropriate.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 10, 2006