# EXHIBIT   A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK A. RANKINE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 03-313E |
| | ) | |
| V. | ) | |
| | ) | |
| SUPERINTENDENT RAYMOND J. | ) | Judge Sean J. McLaughlin |
| SOBINA; UNIT MANAGER McNELIS; | ) | Mag. Judge Susan Paradise Baxter |
| UNIT COUNSELOR HUGHES; C.O. | ) | |
| TROJAN; UNIT MANAGER | ) | |
| MAILMAN; C.O. HECKMAN; UNIT | ) | |
| COUNSELOR HERDMAN; SGT. | ) | |
| CASTINA; MEMBERS OF THE PRC; | ) | |
| HEARING EXAMINER CROSS; | ) | |
| MARY ANN BERTOLINO; LT. | ) | |
| STEVE SIMOSKO; C.O. MUNION; | ) | |
| C.O. PRITTS; C.O. CHAPLEY; C.O. | ) | |
| FEY; C.O. LUKE; C.O. HEISS; C.O. | ) | |
| HUBER; C.O. KROMELL; SGT. | ) | |
| STAYER; SGT. DELOSH; LT. T. J. | ) | |
| WILSON; JOSEPH; MOLLIGAN, | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

## DECLARATION OF TRACY POLLOCK

I, Tracy Pollock, verify that the foregoing information is true and correct to the best of my personal knowledge or information and belief.

1.    I am presently employed by the Commonwealth of Pennsylvania, Department of Corrections, as an Administrative Officer II in the Grievance Review Office.  As part of my duties, I am responsible for reviewing grievance records of appeals.  The Secretary's Office of Inmate Grievances and Appeals conducts the final review of inmate grievances, in accord with Administrative Directive 804.  This directive is part of the Inmate Handbook, which is provided to each inmate and serves as the rules and regulations of the institution.

2.    A grievance must be appealed through all administrative levels of appeal at an inmate's institution and the Department of Corrections. DC-ADM 804 outlines the necessary steps.

3.    DC-ADM 804 requires that an initial grievance be filed within 15 days of the events alleged in the grievance. Grievances that are filed late are dismissed as untimely.

4.    When an initial grievance is received, it is assigned a number by the facility grievance coordinator. That number appears in the space provided on the upper right hand corner of the grievance. Once the grievance is numbered, the facility grievance coordinator signs and dates the grievance on the lines provided at the bottom of the grievance form, confirming that the "grievance has been received and will be processed in accordance with DC-ADM 804."

5.    The goldenrod carbon copy of the now-numbered and signed grievance is returned to the inmate, and the original grievance is retained for Initial Review.

6.    Once an inmate has complied with all of the procedural requirements and a grievance has received Initial Review, an inmate can file an Appeal from Initial Review to the Superintendent.

7.    Once an inmate has received a disposition of an appeal from Initial Review, an inmate may appeal to the Secretary's Office of Inmate Grievances and Appeals and seek a Final Review.

8.    An inmate must proceed with each grievance through the three stages described above in order to have exhausted his administrative remedies.

9.    I have reviewed the grievance appeal records of inmate Derrick A. Rankine, inmate number EU-5850, in relation to the above-captioned case.

10.    Inmate Rankine did *not* appeal grievance numbers 69971, 65106, 65098, or 70193 to final review.

11.    Inmate Rankine sent grievance numbers 69970, 69969, 67353, 66438, and 66435 to final review, but they were dismissed as untimely.

12.    As such, inmate Rankine's grievances 69971, 65106, 65098, 70193, 69970, 69969, 67353, 66438, and 66435 have not been exhausted.

This statement and verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to sworn falsification to authorities, which provides that if I make knowingly false statements, I may be subjected to criminal penalties.

Tracy Pollock

Date:  5-12-06

3

# EXHIBIT   B

# Pennsylvania Department of Corrections

## Misconducts

dotalley

12/3/2003 7:12:27 PM

---

Inmate Number: EU5850

Inmate Name: Rankin, Derrick A

---

| Location : **Somerset** | Misconduct Date :10/14/2003 | | Misconduct Number :A625801 |
|---|---|---|---|
| Charge Category | Reference | Charge Description | Verdict |
| B | 38 | Destroying, Altering, Tampering With, Or | Guilty |
| Sanctions Imposed | | Effective Date | No. of Days |
| Payment For Property Loss | | | 0 |
| Date Appeal Received by DOC | Grounds | Review Date | Review Outcome |
| 10/27/2003 | A | 10/27/2003 | Uphold Hear's Decision |
| 10/23/2003 | ABC | 10/24/2003 | Uphold Hear's Decision |

---

| Location : **Somerset** | Misconduct Date :08/26/2003 | | Misconduct Number :A589711 |
|---|---|---|---|
| Charge Category | Reference | Charge Description | Verdict |
| A | 15 | Threaten An Employee Or Their Family Wit | Guilty |
| A | 33 | Using Abusive, Obscene, Or Inappropriate | Guilty |
| Sanctions Imposed | | Effective Date | No. of Days |
| Disciplinary Custody | | 08/26/2003 | 45 |
| Date Appeal Received by DOC | Grounds | Review Date | Review Outcome |
| 10/28/2003 | C | 10/30/2003 | Uphold Hear's Decision |
| 09/30/2003 | C | 09/30/2003 | Uphold Hear's Decision |
| 09/16/2003 | ABC | 09/18/2003 | Uphold Hear's Decision |

---

| Location : **Somerset** | Misconduct Date :08/17/2003 | | Misconduct Number :A439396 |
|---|---|---|---|
| Charge Category | Reference | Charge Description | Verdict |
| C | 52 | Any Violation Of A Rule Not Specified As | Guilty |
| Sanctions Imposed | | Effective Date | No. of Days |
| Loss Of Privileges | | 08/25/2003 | 15 |

---

| Location : **Somerset** | Misconduct Date :07/09/2003 | | Misconduct Number :A439377 |
|---|---|---|---|
| Charge Category | Reference | Charge Description | Verdict |
| B | 35 | Refusing To Obey An Order | Guilty |
| Sanctions Imposed | | Effective Date | No. of Days |
| Disciplinary Custody | | 07/09/2003 | 45 |
| Date Appeal Received by DOC | Grounds | Review Date | Review Outcome |
| 08/04/2003 | ABC | 08/07/2003 | Reject Any Appeal |
| 07/30/2003 | NA | 07/30/2003 | Reject Any Appeal |
| 07/15/2003 | ABC | 07/16/2003 | Uphold Hear's Decision |

---

| Location : **Somerset** | Misconduct Date :05/11/2003 | | Misconduct Number :A445826 |
|---|---|---|---|
| Charge Category | Reference | Charge Description | Verdict |
| B | 35 | Refusing To Obey An Order | Guilty |
| Sanctions Imposed | | Effective Date | No. of Days |
| Disciplinary Custody | | 06/11/2003 | 20 |
| Date Appeal Received by DOC | Grounds | Review Date | Review Outcome |
| 08/13/2003 | ABC | 08/18/2003 | Uphold Hear's Decision |

| | | | |
|---|---|---|---|
| 06/23/2003 | ABC | 06/23/2003 | Uphold Hear's Decision |
| 06/17/2003 | ABC | 06/18/2003 | Modify Punishment |

---

**Location :** Albion    **Misconduct Date :** 04/07/2003    **Misconduct Number :** A495821

| Charge Category | Reference | Charge Description | Verdict |
|---|---|---|---|
| B | 42 | Lying To An Employee | Guilty |

| Sanctions Imposed | | Effective Date | No. of Days |
|---|---|---|---|
| Disciplinary Custody | | 05/01/2003 | 30 |

| Date Appeal Received by DOC | Grounds | Review Date | Review Outcome |
|---|---|---|---|
| 05/02/2003 | ABC | 05/05/2003 | Uphold Hear's Decision |
| 04/21/2003 | ABC | 04/24/2003 | Uphold Hear's Decision |

---

**Location :** Albion    **Misconduct Date :** 03/25/2003    **Misconduct Number :** A450723

| Charge Category | Reference | Charge Description | Verdict |
|---|---|---|---|
| A | 33 | Using Abusive, Obscene, Or Inappropriate | Guilty |

| Sanctions Imposed | | Effective Date | No. of Days |
|---|---|---|---|
| Disciplinary Custody | | 04/01/2003 | 30 |

| Date Appeal Received by DOC | Grounds | Review Date | Review Outcome |
|---|---|---|---|
| 04/08/2003 | ABC | 04/10/2003 | Uphold Hear's Decision |

---

**Location :** Albion    **Misconduct Date :** 03/04/2003    **Misconduct Number :** 0437465

| Charge Category | Reference | Charge Description | Verdict |
|---|---|---|---|
| B | 36 | Possess Contraband Including Money, Impl | Reduced |

| Sanctions Imposed | Effective Date | No. of Days |
|---|---|---|
| Confiscation Of Contraband | | 0 |
| Reprimand, Warning, Counseling | | 0 |

| Date Appeal Received by DOC | Grounds | Review Date | Review Outcome |
|---|---|---|---|
| 03/14/2003 | ABC | 03/20/2003 | Uphold Hear's Decision |

---

**Location :** Albion    **Misconduct Date :** 12/30/2002    **Misconduct Number :** 0450635

| Charge Category | Reference | Charge Description | Verdict |
|---|---|---|---|
| B | 36 | Possess Contraband Including Money, Impl | Reduced |

| Sanctions Imposed | Effective Date | No. of Days |
|---|---|---|
| Confiscation Of Contraband | | 0 |
| Reprimand, Warning, Counseling | | 0 |

---

**Location :** Albion    **Misconduct Date :** 12/24/2002    **Misconduct Number :** 0437500

| Charge Category | Reference | Charge Description | Verdict |
|---|---|---|---|
| A | 16 | Fighting | Guilty |

| Sanctions Imposed | | Effective Date | No. of Days |
|---|---|---|---|
| Disciplinary Custody | | 01/31/2003 | 30 |

| Date Appeal Received by DOC | Grounds | Review Date | Review Outcome |
|---|---|---|---|
| 01/31/2003 | ABC | 01/31/2003 | Uphold Hear's Decision |
| 01/07/2003 | ABC | 01/09/2003 | Uphold Hear's Decision |

---

**Location :** Albion    **Misconduct Date :** 11/27/2002    **Misconduct Number :** 0277195
*** Charges Dismissed/ Not Guilty by Hearing.

---

**Location :** Albion    **Misconduct Date :** 11/04/2002    **Misconduct Number :** 0277182

| Charge Category | Reference | Charge Description | Verdict |
|---|---|---|---|
| B | 35 | Refusing To Obey An Order | Guilty |
| B | 36 | Possess Contraband Including Money, Impl | Guilty |
| | | Destroying, Altering, Tampering | |

# EXHIBIT   C

| FORM DC-141   PART 1   Rev 3/00 | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | A 439377 |
|---|---|---|

☒ MISCONDUCT REPORT  ☐ OTHER  ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number EU5850 | Name RANKIN | Institution SMR | Incident Time 24 Hr. Base 0950 | Incident Date 7/9/03 | Date of Report 7/9/03 |
|---|---|---|---|---|---|

Quarters JA 18   Place of Incident IN FRONT OF JA 18 CELL

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| STAFF | SGT CASTANIA | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** CLASS 1 #28 Indecent Exposure
CLASS 1 #35 Refusing to obey an order

**STAFF MEMBER'S VERSION** I/m RANKIN approached me at the officers desk wanting in his cell to use the bathroom. I told him to go to his cell and Sgt Castania will open it in a minute. I/m demanded to be let in now and started up the steps toward the control bubble. I stopped I/m and told him to go to his cell. I/m stated "I'm going to piss all over the floor." I ordered the I/m not to piss on the floor. I/m went to his cell door and within a minute his cell door was opened. When I approached his cell approx. 5 minutes later while doing a guard tour I noticed the dayroom floor in front of I/m Rankins cell was all wet. I asked Rankin how the floor got wet outside his cell door He replied "I pissed on the floor." I then asked him "You pissed on the floor out here in the dayroom." and Rankin replied "Yes."

**IMMEDIATE ACTION TAKEN AND REASON** Report reviewed. Inmate placed pre-hearing Confinement for control purposes in LS housing. Pending formal hearing by examiner

**PRE-HEARING CONFINEMENT**      IF YES

☒ YES  ☐ NO   TIME 1000  DATE 7/9/03

☒ REQUEST FOR WITNESSES AND REPRESENTATION   **FORMS GIVEN TO INMATE**  ☒ INMATE'S VERSION

**REPORTING STAFF MEMBER SIGNATURE AND TITLE** CO1 Heckman HECKMAN

**ACTION REVIEWED AND APPROVED BY RANKING C/O. ON DUTY SIGNATURE AND TITLE** Lt Glass CO1V

| DATE 7-9-03 | TIME 24 HOUR BASE 1450 |

**YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER** DATE 7/11/03  TIME 0900

**MISCONDUCT CATEGORY** ☒ CLASS 1  ☐ CLASS 2

**Signature of Person Serving Notice** J.M.Amos CO1

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15      YELLOW — Inmate      PINK — Reporting Staff Member      GOLDENROD — Deputy Superintendent Facility Management

| DC-141      PART 2A | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Rev. 6-84<br>INMATE REQUEST FOR<br>REPRESENTATION AND WITNESSES | DEPARTMENT OF CORRECTIONS | | |

| DC Number | Name | Institution | Date | Number as on Part I |
|---|---|---|---|---|
| EU5850 | DERRICK RANKINE | SCI-SMR | 7/9/03 | 439377. |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☑ I do not request assistance
☐ I request assistance by_____
(The person requested must be willing to assist you)

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give

| | DO NOT WRITE IN THIS SECTION<br>For Use by Hearing Examiner |
|---|---|
| 1. Name of Witness: No.    If Inmate Quarters<br>In Dovan     JA 53<br>Why is this person's testimony relevant and important?<br>This inmate will testify that I was refused access to my cell at initial move time and that I was standing at my cell for 25 to 35 minutes | Witness permitted?    If not, why not?<br>No<br>— not needed to establish Guilt / innocence |
| 2. Name of Witness: No.    If Inmate Quarters<br>Inmate Spellman   JA-5<br>Why is this person's testimony relevant and important?<br>This inmate will testify to the about facts also; and that C/O Heckman is lying. | Witness permitted?    If not, why not? |
| 3. Name of Witness: No.    If Inmate Quarters<br>All Inmate In day room at this Time<br>Why is this person's testimony relevant and important?<br>These inmates will testify that I urinated on my self and to the above facts. | Witness permitted?    If not, why not? |

Derrick Rankine
_____
Inmate's Signature

This section to be completed by Housing Officer only

Received completed form __2030__ hours __7-9-03__
            Time         Date

J.m. Arco CO1
_____
Housing Officer's Signature

K Cross
_____
Hearing Examiner's Signature

05-16-2006  04:08pm  From-SCI-FYT SUPERINTENDENT          +17243642208          T-049  P.022/026  F-993

| DC-141 | PART 2 C | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|---|
| Rev. 6-84 | HEARING SUPPLEMENT | DEPARTMENT OF CORRECTIONS | | |
| INMATE VERSION AND WITNESS STATEMENTS | | | | |

$1000/day relief requested

| DC Number | Name | Institution | No. from PART 1 |
|---|---|---|---|
| EU5850 DERRICK RANKINE | | SCI-SMR | A439377 |

**INMATE'S VERSION**

C/O Heckman and Sgt Castania Are both lying. On the Initial move time I went to my cell to used the tiolet and Sgt. Castania re/used to opened my cell. I was forced to hold my urine until I could not hold it anymore.

At this time I asked C/O Heckman to have Sgt. Castania to opened my cell. I then went to my cell and held on the door for 15 to 20 minutes; yet C/O Heckman re/used to Informed Sgt. Castina to open my cell door. I then went back to C/O Heckman and asked him again to have my cell door opened because I needed to urinated badly. I then went back to my cell door and hold my urine For 5 to 10 minutes beFore I could hold it No longer and urinated on myself while standing beFore my cell door. I urinated For Approximately two minutes beFore my cell door was opened then I went Into my cell and completed urinating In my tiolet. At No time did I removed or touched my penis In the dayroom From my pants. For this I would like to submit my pants, socks, shoes and boxers as evidence, since they Are Completely saturated with my urinate.

C/O Heckman Needs A biology course on the urinary Function, because the urinary function is an Involuntary Ifunction so telling someone Not to urinate when that person Needs to urinate is A stupid order. This is why the phase "If you have to go, you have to go" is used to describe the excretory functions. Therefore For C/O Heckman to say he issued this order shows that he is lying or he is A Fool.

Therefore these charges Must be dismissed since C/O Heckman one Never saw ME urinating on my self and there was No way I could stop myself From urinating on myself once I could hold my urine No longer and it is obvious that C/O Heckman is lying or don't even Know the Meaning of Indecent exposure or reFusing to obey an order.

Also you may check with the Medical department that my blood pressure pill is A water and salt removal pill so I ...

| DC-141    PART II B | COMMONWEALTH OF PENNSYLVANIA |
| --- | --- |
| Rev. 6-84 DISCIPLINARY HEARING REPORT | DEPARTMENT OF CORRECTIONS |

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
| --- | --- | --- | --- | --- | --- |
| EU-5850 | RANKIN, Derrick | SCI-SMR | 7/11/03 | 1050. | A439377 |

| INMATE PLEA | ☐ Guilty  ☑ Not Guilty | ☐ No Plea  ☐ Other | Verdict | ☑ Guilty  ☑ Not Guilty |
| --- | --- | --- | --- | --- |

**HEARING ACTION**

CHARGES   #28 Class 1 Cat. A – Indecent exposure
             #35 Class 1 Cat. B – Refusing to obey an order

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Rankin pleads <u>Not Guilty</u>
Submits version.

The examiner believes report that
Rankin was ordered not to urine on the floor.
Rankin refused when the % observed liquid
on the dayroom floor - and Rankin
admitted to urinating on the floor.

Based on Report

Guilty # 35

45 days DCS
       effective 7-9-03

          Dismiss # 28

| | | |
| --- | --- | --- |
| ☑ YES  ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☑ YES  ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES |
| ☑ YES  ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☐ YES  ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | version witness sheet. |

NAME(S) OF HEARING EXAMINER / COMMITTEE (TYPED OR PRINTED)

Kerri Cross

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

Kerri Cross

SIGNATURE OF HEARING

05-16-2006  04:09pm  From-SCI-FYT SUPERINTENDENT    +17243642208    T-049  P.025/026  F-993

## I OF 2

| DC-141, Part 2 E<br>Misconduct Hearing Appeal | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS | | |
|---|---|---|---|
| DC Number<br>EU5850 | Name<br>DERRICK RANKINE | Institution<br>SCI-SMR | No. From Part I<br>A439377 |

$1000/day relief requested.

I was found guilty of misconduct number **#35** _____ on **7/11/03**.
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

The hearing examiner refused to called my witnesses and admit my state issued pants, boxers, socks and shoes as evidence that I accidentally urinated on myself. C/O Heckman and Sgt. Castina refused to Allowed me into my cell for Approximately two hours to used the tiolet, and C/O Heckman admitted that I made numerous Attempts to get into my cell to used the tiolet and I was refused access.
    A person cannot obey an order that he/she is powerless to obey. My bladder was full to over flowing there fore I was powerless to control it at that point and C/O Heckman was informed of this, yet he and Sgt. Castina refused to allowed me in my cell to used the tiolet.
    D.O.C. policy is clear on this, once any inmate leave the day room and returned to their cell, they must remain inside there cell until the next move time, yet I was denied access to A tiolet for Approximately two hours. By dismissing indecent exposure refusing to called my witnesses and admitting my evidence

Inmate's Signature _____    Date _____

White – DC-15    Yellow- Inmate    *Revised 2/01*

05-16-2006  04:08pm  From-SCI-FYT SUPERINTENDENT          +17243642208          T-049  P 026/026  F-993

2 OF 2

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

A439377

~~GRIEVANCE~~ NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| PRC | SCI-Somerset | 7/11/03 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: |
|---|---|
| Domick Rankine EU5850 | Domick Rankine |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| Misconduct Appeal | RHU D-23 |

INSTRUCTIONS:
1.  Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2.  State your grievance in Block A in a brief and understandable manner.
3.  List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

the hearing examiner Admitted that she knows that C/O Heckman lied; and that I accidentally urinated on myself because I was denied access to the violet by C/O Heckman and Sgt. Castina; for Approximately 2 hours.
At this point I would like to request protective custody From C/O Heckman and Sgt. Castina. I will be seeking $100/day relief In Federal court; please be advice Therefore, I would like you to dismiss this charge and order C/O Heckman and Sgt Castina to pay me $100/day For everyday that I am unjustly incarcerated in the RHU

B. List actions taken and staff you have contacted, before submitting this grievance.

because of their inhumane, sadistic and barbaric treatment of me. Respectfully
Domick Rankine

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                    Date

WHITE - Facility Grievance Coordinator Copy  CANARY - File Copy  PINK - Action

| DC-141 Part 3<br>Program Review<br>Committee Action<br>☒ Misconduct Appeal | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS<br>☐ Periodic Review    ☐ Other | | | Revised 6/02 |
|---|---|---|---|---|
| DC Number | Name | Facility | Date of Review | No. from DC-141 Part 1 |
| EU-5850 | RANKIN, DERRICK | SCI-SMR | 07/16/03 | A439377 |

**Program Review Committee's Decision and Rationale**

The Program Review Committee is in receipt of your misconduct and appeal request. It is noted that you are appealing: The procedures employed were contrary to law, Department Directives, or regulations; The punishment is disproportionate to the offense; and The findings of fact were insufficient to support the decision.

You were found guilty of #35, Class I, category B – Refusing to obey an order.

The PRC has received your appeal request noting the above-mentioned grounds. The PRC found that the procedures that were employed were not contrary to law. The sanction imposed of 45 days DCS was not outside of the presumptive range, according to DC-AdM 801.

The PRC has reviewed the report by staff, your account of the incident, points of appeal, and the Disciplinary Hearing Report. Based on these reports, the PRC finds sufficient evidence to support the Hearing Examiner's decision.

Therefore, the PRC sustains the decision.

| Decision Relative to Hearing Examiner's Verdict | | | | |
|---|---|---|---|---|
| ☐ Not Applicable    ☒ Sustain | ☐ Sustain-Amend | ☐ Refer Back for Further Study | | ☐ Exonerate Inmate |

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| Daniel J. Gehlmann, Major | *[signature]* | 07/16/03 |
| Gerald L. Rozum, Acting DSFM | *[signature]* | 07/16/03 |
| Harry King, School Princ. | *[signature]* | 07/16/03 |

WHITE – DC-15    YELLOW – INMATE    PINK – STAFF MEMBER REPORTING MISCONDUCT    GOLDENROD – DSFM

| DC-141 | PART 3 | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|---|
| PROGRAM REVIEW COMMITTEE ACTION □ Misconduct Appeal □ Periodic Review ☒ Other | | DEPARTMENT OF CORRECTIONS | | | |

| DC Number | Name | Institution | Date of Review | No. from PART 1 |
|---|---|---|---|---|
| EU-5850 | RANKIN, DERRICK | SCI-SMR | 08/07/03 | A439377 |

**PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE**

Inmate was reviewed by the Program Review Committee.  Inmate was
released to Cell Restriction for remainder of his sanction effective
08/07/03 to 08/22/03, due to RHU overcrowding and cell space needs.

**DECISION RELATIVE TO HEARING EXAMINER'S VERDICT**

☒ Not Applicable        □ Sustain        □ Sustain-Amend        □ Refer Back For Further Study        □ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| Daniel J. Gehlmann, Major | | 08/07/03 |
| Sylvia Gibson, Dep. Supt., Cent. Serv. | | 08/07/03 |

SMR

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1451 N. MARKET STREET
ELIZABETHTOWN, PA 17022

OFFICE OF THE
CHIEF HEARING EXAMINER

PRC/S
DC/S

August 7, 2003

Derrick Rankins, EU-5850
SCI Somerset

Re:    DC-ADM 801 - Final Review
       Misconduct No. A439377

Dear Mr. Rankins:

Your appeal of the above-referenced misconduct has been received by this office and is accepted for final review. In this appeal, you suggest the evidence is insufficient to support a finding of guilt.

In accordance with DC-ADM 801, VI, L, 3, I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. I have also thoroughly reviewed the issues you raise to final review.

There is sufficient evidence in the misconduct report to sustain a finding of guilt. At your hearing, and in this appeal, you deny some of that evidence. The only issue here is one of credibility. DC-ADM 801, §VI E, 7 d, provides that determinations of credibility shall be left to the judgement of the Hearing Examiner. The Examiner discredited your denials and found credible the evidence related by the charging officer in the misconduct report. There is no basis for this office to overturn the Examiner's determination of credibility. Therefore, the credible evidence presented at your hearing supports the finding of guilt the Examiner made. Your requested witnesses were denied by the Examiner in accordance with DC ADM 801, VI E, 7a.

For the above-stated reasons, I conclude that the issues raised do not require any further action on this misconduct. Your appeal must, therefore, be denied.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:krc
pc:    Superintendent Sobina

AUG 1 1 2003

"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."

# EXHIBIT   D

FORM DC-141 PART 1
Rev 3/00

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

**A 589711**

☒ MISCONDUCT REPORT  ☐ OTHER  ☐ DC-ADM 801  INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| EU5850 | RANKIN, DERRICK | SCI-SOM | 0735 | 8-26-03 | 8-26-03 |

| Quarters | Place of Incident |
|---|---|
| JB02 | JB DAY ROOM + JB 02 CELL |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** CLASS 1 #15 THREATENING AN EMPLOYEE OR THEIR FAMILY WITH BODILY HARM #33 USING ABUSIVE, OBSCENE, OR INAPPROPRIATE LANGUAGE TO AN EMPLOYEE.

**STAFF MEMBER'S VERSION** TODAY AT APPROX. 0735 I/m RANKIN CAME OUT OF HIS cell when J/A WAS CALLED FOR MAINLINE. I ASKED HIM WHERE HE WAS GOING, HE SAID TO CHOW. I TOLD HIM THAT IT WAS CALLED FOR J/A NOT J/B AND TO TAKE IT IN. HE THEN STARTED TO SAY SOMETHING THAT I COULD NOT HEAR CLEARLY EXCEPT, "YOUR MOTHER," I APPROACHED HIM AND TOLD HIM TO SAY IT AGAIN SO I COULD HEAR IT CLEARLY THIS TIME.
HE BECAME VERY AGITATED, TAKING OFF HIS HAT AND WENT INTO HIS CELL. HE THEN TURNED AND INVITED ME INTO HIS CELL AND STATED "F DON'T LIKE WHITE PEOPLE! COME ON IN, I'LL KICK YOUR ASS! MOTHERFUCKER! I THEN CLOSED THE CELL DOOR AND NOTIFIED CONTROL.

**IMMEDIATE ACTION TAKEN AND REASON** Inmate placed PHC in L.5 housing for cntrol purposes pending formal hearing by examiner

**PRE-HEARING CONFINEMENT**

IF YES

☒ YES  ☐ NO   TIME 0800   DATE 8/26/03

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION   ☒ INMATE'S VERSION

**REPORTING STAFF MEMBER SIGNATURE AND TITLE** Heiss co1 / Heiss

**ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE** J.Glass co1 Glass

**DATE AND TIME INMATE GIVEN COPY**
DATE 8-26-03   TIME 24 HOUR BASE 1220

**YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER**
DATE 8/26/03   TIME 0800

**MISCONDUCT CATEGORY**
☒ CLASS 1  ☐ CLASS 2

Signature of Person Serving Notice

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15      YELLOW — Inmate      PINK — Reporting Staff Member      GOLDENROD — Deputy Superintendent Facility Management

DC-141    PART 2A
Rev. 6-84
INMATE REQUEST FOR
  REPRESENTATION AND WITNESSES

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Facility | Date | Number as on **Part I** |
|---|---|---|---|---|
| EU5850 | Rankine Derrick | SCI-SMR | 8/26/03 | |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance
☐ I request assistance by_____
(The person requested must be willing to assist you)

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance the witness will give

---

1. Name of Witness: **Dickson**   No. ____   Quarters **J/B Cell #3**

Why is this person's testimony relevant and important?
This inmate heard the whole verbal exchange between C/O Heiss and myself and will verify that I never cursed or threatened anyone

**DO NOT WRITE IN THIS SECTION**
For Use by Hearing Examiner

Witness permitted? If not, why not?
NO   Not needed to establish Guilt/innocence

---

2. Name of Witness: **Muhammad Ali**   No. ____   Quarters **J/B Cell #1**

Why is this person's testimony relevant and important?
This inmate will also testify that it was C/O Heiss who threatened to kick my "ASS" and continued to curse at me and calling me degratory Names.

Witness permitted? If not, why not?
No -

---

3. Name of Witness: ____   No. ____   Quarters **J/B**

Why is this person's testimony relevant and important?
All the inmates on J/B bottom evel since they all heard C/O Heiss, Sgt Castine and C/O Heckman consanstly threatened me and called me degratory names.

Witness permitted? If not, why not?

_Derrick Rankine_
Inmate's Signature

This section to be completed by Housing Officer only
Received completed form _____ hours _____
          Time          Date

_____
Housing Officer's Signature

_R. Cross_
Hearing Examiner's Signature

DC-141      PART II B            **COMMONWEALTH OF PENNSYLVANIA**
Rev 6-84
DISCIPLINARY HEARING REPORT        **DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Hearing Date | Hearing Time | No from Part I |
|---|---|---|---|---|---|
| EU-5850 | RANKINE, Derrick | SCI–SMR | 09/02/03 | 1120. | A 589711] |

| INMATE PLEA | ☐ Guilty / ☒ Not Guilty | ☐ No Plea / ☐ Other | Verdict | ☒ Guilty / ☐ Not Guilty |
|---|---|---|---|---|

**HEARING ACTION**

CHARGES
#15 Class I Cat A – Threatening an Employee or their family with bodily harm
#33 Class I Cat A – Using abusive, obscene or inappropriate language to an employee

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Rankine pleads Not Guilty

Submits version.

The examiner is not persuaded by
Rankine's version of this incident. ~~The~~
Rather, I accept the report as credible
I believe Rankine threatened staff when he
invited S Heiss into his cell stating, "...
Come on in – I'll kick your Ass motherfucker"
Constituting #15 + #33.

Based on Report
Guilty #15 } 45 ddup DCS
       #33 } effective
              8-26-03

| | | |
|---|---|---|
| ☒ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☒ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☒ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☒ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

SEE APPENDICES
☐→
written version
witness sheet

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| Kerri Cross | *Kerri Cross* |
| | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE—DC-15       YELLOW—Inmate Cited       PINK—Staff Member Reporting Misconduct

DC-141     PART 2 C                    COMMONWEALTH OF PENNSYLVANIA
Rev. 2-02   HEARING SUPPLEMENT
INMATE VERSION AND WITNESS STATEMENTS    DEPARTMENT OF CORRECTIONS

| DC Number | Name | Facility | No. from PART I |
|---|---|---|---|
| EU5850 Derrick Rankine | | SCI-SMR | 589711-A |

**INMATE'S VERSION** $1000/day Fine requested in court.

This complete misconduct is a lie; and it was written in retaliation and in an attempt to intimidated me to drop my lawsuit against C/O Heckman and Sgt Castina.

First, I have no keys to opened my cell door, so how did I got out of my cell to the dayroom if Sgt Castina did not opened my cell for me to go to main line? Sgt Castina called main and opened my cell door; I got dress and started my the dinning hall. I was asked by C/O Heiss "where the F... I was going; you Faggot" I refused to answer; so C/O Heiss, looked directly at me and said I am speaking to you Faggot; and why don't you clean the shit out of your ears bitch? At which point I asked C/O Heiss, if he was speaking me; C/O Heiss said yes. "I said "the only shit I know is you, your mother, your children; and the only Faggot I see is you and your father and brothers who must have molested when you were a child.

C/O Heiss, said "I disrespected you, I did not disrespected your family; you can disrespect me, but don't disrespect my family or else I will come into your cell and kick your ass. I repeated my statement and informed C/O Heiss that I have never disrespected him or any staff and that I will always dis respect him, his family and any I feel like if he ever disrespect me again. So if he don't want his family disrespected he is not to disrespect me or even joke with since I don't joke with white people, because their sense of humor, is not humor to me. C/O Heiss, then told Sgt Castina to opened my cell door, so he can kick my ass. I told C/O Heiss to try and kick my ass in the dayroom; if he is a man. C/O Heiss stop approaching me and so I went into my cell and told C/O Heiss that it is safe now to kick my ass. C/O Heiss came to my cell door and stopped at which I turned my back to him and told him to try an kick my ass because I am sure that he would not like the results of trying to kick my ass. I then began to laught; and told C/O Heiss that is mother, him, his children are all Faggots bitches, shits and any other names he called me.

WHITE – DC-15        YELLOW – Inmate Cited        PINK – Staff Member

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br>*In Version Cont'd.* | Commonwealth of Pennsylvania<br>*Department of Corrections*<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Hearing Examiner | 2. Date:<br>8/26/03 |
| 3. By: (Print Inmate Name and Number)<br>DERRICK RANKINE EU5850<br>Derrick Rankine.<br><div align="center">Inmate Signature</div> | 4. Counselor's Name |
| | 5. Unit Manager's Name<br>J/B |
| 6. Work Assignment | 7. Housing Assignment<br>RHU B-22 |

8. Subject: State your request completely but briefly. Give details.

C/O Heiss then closed my cell door and WALKED AwAy. Sgt Castina then called ME over the MIKE and told me that "the next time I speak like that to anyone he wAs sending me to the RHU." I told Sgt. Castina that he wAs to tell C/O Heiss not to disrespect me or even speak to me and then, he would not hear me speak like that again, but if someone disrespected ME, I will disrespect every member of their family.

   At no time did I cursed or threatened anyone. C/O Heiss took my quietness for fear and so he learned his lesson Quietness don't mean fear. Had C/O Heiss stopped disrespecting me from August 7 2003 until now, C/O Heiss could not have to see that I dont fear him. I thank you in advance for your time, co-operation and consideration In this matter.

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
<div align="center">Print                                     Sign</div>

Revised July 2000

DC-141    PART II E
MISCONDUCT HEARING APPEAL

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| EU5850 | Derrick Rankine | SCI-SMR | A589711 |

$1000/day relief requested.

I was found guilty of misconduct # 15833 on 9/2/03 (date) by the Hearing Committee/Examiner, and I wish to appeal that decision on the following grounds.
Check Area(s) Involved

a. The procedures employed were contrary to law, Administrative Directive 801, or to the ICU Consent Decree; ☑

b. The punishment is disproportionate to the offense; ☑

c. The evidence was insufficient to support the decision. ☑

*(stamp: DEPT. OF CORRECTION SCI-SOMERSET SEP 16 2003 RECEIVED OFFICE OF THE DEPUTY FOR CENTRALIZED SERVICES)*

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all persons who may have information which may be helpful in resolving this matter.

Presently the hearing examiner did Not called my witnesses which violates the due process clause of the 5th and 14th Amendments to the United States Constitution.

CLO Heiss called me a "Faggot," a F...ing Faggot, "a bitch" and told me to clean the shit out of my ears; then CLO Heiss threatened to come into my cell and "kicked my ass" if I disrespect his family again, all without provocation or justification; this is sexual harrassment and mental abuse which violates the eight amendment.

I have No keys to my cell so how did I got out of my cell if Sgt. Castina did Not called mainline and opened my cell? The hearing examiner refused to used her common sense in examining the facts and simply adopted CLO Heiss report which violates the 1, 4, 5, 8 and 14th Amendments to the United States Constitution.

The hearing examiner is condoning the abuse of the inmates here at SCI-Somerset by staff by accepting their "lies" (staff) as facts; even when the inmates used facts to prove that the staff members are lying. Therefore this misconduct must be dismissed because the evidence and facts are insufficient to support the decision of the hearing examiner. Thank you. Thank you indeed.

| DC-141 | PART 3 | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|---|

PROGRAM REVIEW COMMITTEE ACTION
☒ Misconduct Appeal ☐ Periodic Review ☐ Other     **DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Date of Review | No. from PART 1 |
|---|---|---|---|---|
| EU-5850 | RANKIN, DERRICK | SCI-SMR | 09/18/03 | A589711 |

PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE

The Program Review Committee is in receipt of your misconduct appeal.
As instructed by DC-ADM Directive 801, Section VI.I.1.a., you have
based your grounds for appeal of the Hearing Examiner's decision on
the following:  The procedures employed were contrary to law,
Administrative Directive 801, or to the ICU Consent Decree; The
punishment is disproportionate to the offense; and The evidence was
insufficient to support the decision.

You were found guilty of #15, Class I, Category A - Threatening an
employe or their family with bodily harm; and #33, Class I, Category A -
Using abusive, obscene, or inappropriate language to an employe.

You were subsequently given a sanction of 45 days DC, effective
08/26/03 to 10/08/03.

PRC has made the following decision based on a review of your appeal,
the misconduct report, any relevant witness statements, and the Hearing
Examiner's rationale and disposition.  The Hearing Examiner may disapprove
any witness if the testimony is not needed to establish your guilt or
innocence.

The sanction you received is within the prescribed limits for a Class I
misconduct, and therefore not disproportionate.  PRC also finds the
written report sufficient enough to support the Hearing Examiner's decision.

Your appeal is denied.

**DECISION RELATIVE TO HEARING EXAMINER'S VERDICT**

☐ Not Applicable          ☒ Sustain          ☐ Sustain-Amend          ☐ Refer Back For Further Study          ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| M. Larry Amenti, CCPM | | 09/18/03 |
| Sylvia Gibson, Dep. Supt., Cent. Serv. | | 09/18/03 |
| Daniel J. Gehlmann, Major | | 09/18/03 |

# EXHIBIT  E

FORM **DC-141    PART 1**
Rev 3/00

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

**A 625801**

☑ MISCONDUCT REPORT    ☐ OTHER    ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| EU5850 | RANKIN | SCI-SMR | 1150 | 10-14-03 | 10-14-03 |

| Quarters | Place of Incident |
|---|---|
| DA 32 | DA 32 CECL. |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | Coughanour COI | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**   CLASS 1 #58 Destruction of state property.

**STAFF MEMBER'S VERSION**

(2) On the above time and date during a cell search. Two state ISSUE TOWELS WERE FOUND TO BE TORN INTO Sections. I/m RANKIN EU5850 lives in DA 32 CELL. I/m admitted to tearing towels up. I/m states "I'll tear two more up next week." cost to be assessed $4.15 per towel.
CIR # 527096

**IMMEDIATE ACTION TAKEN AND REASON**   Informal resolution If/m COI 10/14/03 Informal Resolution self c.c.d
Oct 16, 2003 @ 1115 hrs. Inmate choses to settle with Hearing Examiner.

REVIEWED - INMATE TO REMAIN ON PRESENT STATUS PENDING FORMAL HEARING BY EXAMINER.

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| | TIME | DATE |
| ☐ YES | | |
| ☑ NO | | |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION    ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| A.L. Coughanour COI | B. Kumchew COII | DATE 10-16-03    TIME 24 HOUR BASE 19:30 |

**YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER**

| DATE | TIME | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| 10-18-03 | 0800 | ☑ CLASS 1   ☐ CLASS 2 | COI |

### NOTICE TO INMATE

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15        YELLOW — Inmate        PINK — Reporting Staff Member        GOLDENROD — Deputy Superintendent Facility Management

| Inmate Name (Printed) | Inmate Number | DC-141 Part 1 Number | Date: |
|---|---|---|---|
| Rankine, Derrick | EU 5850 | A625801 | 10-14-03 |

## Action Taken

| | |
|---|---|
| ☐ No Action | EU5850 Rankine requests that this DC-141 be settled by the Hearing Examiner. Sgt Putnam and Officer Fogle present. (Attempted to apply action of 7 day CR since he is $3.00 short in the red |
| ☐ Reprimand and Warning | |
| ☒ Referred to Hearing Examiner | |

| | Number of Days: | Start Date: | End Date: |
|---|---|---|---|
| ☐ Cell Restriction (Up to 7 days) | | | |

| | Number of Days: | Start Date: | End Date: |
|---|---|---|---|
| Loss of Privileges: (Up to 7 days) ☐ Telephone ☐ Yard ☐ Day Room ☐ Other: | | | |

| | | Start Date: | End Date: |
|---|---|---|---|
| ☐ 1 Week Loss of Commissary | | | |

| | Assignment | Start Date: | End Date: |
|---|---|---|---|
| ☐ Assignment of Additional Work Duties (No compensation allowed) | | | |

| | Item(s) | | |
|---|---|---|---|
| ☐ Restitution for Damaged/Destroyed State Items/Property | | Amount to be Paid: | |

Edward G. Mulligan

Unit Manager's Name (Printed or Typed)

Eli G Mulligan Oct 16, 2003

Unit Manager's Signature   Date

control
cc: ~~DC-14~~ (original)
Hearing Clerk
~~Housing Unit Officer~~

_Copy of cell restriction privileges and limitations given

_Daily Record of Cell Restriction Initiated

Derick Rankine 10-16-03

Inmate Signature   Date

~~Inmate Employment~~
~~T-Netix~~
Unit Manager's File
~~Inmate~~

Revised 11/26/02

*DC-ADM 801, Inmate Discipline*

*Attachment C*

DC-141    PART 2A    COMMONWEALTH OF PENNSYLVANIA
Rev 6-84
INMATE REQUEST FOR    DEPARTMENT OF CORRECTIONS
REPRESENTATION AND WITNESSES

| DC Number | Name | Facility | Date | Number as on Part I |
|---|---|---|---|---|
| EU5850 | Derrick Rankine | SCI-SMR | 10/16/03 | A625801 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance
☐ I request assistance by _____
(The person requested must be willing to assist you)

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give

| If Inmate | | | DO NOT WRITE IN THIS SECTION |
|---|---|---|---|
| 1. Name of Witness: | No. | Quarters | For Use by Hearing Examiner |

C/O Evans

Why is this person's testimony relevant and important?

He will testify that 0 was told to moved from my cell door on 10/14/03 by staff.

Witness permitted?    If not, why not?

No - not needed to establish Guilt/innocence

| If Inmate | | |
|---|---|---|
| 2. Name of Witness: | No. | Quarters |

Lt Haywood

Why is this person's testimony relevant and important?

He will testify that NONE OF his staff saw me tore any towels and that 0 was not Allowed to observed the officers on 10/14/03

Witness permitted?    If not, why not?

| If Inmate | | |
|---|---|---|
| 3. Name of Witness: | No. | Quarters |

D/A Counselor

Why is this person's testimony relevant and important?

He will testify that 0 was Not Allowed to stand at my cell door and that NO ONE saw me tore any towel or state property at anytime

Witness permitted?    If not, why not?

_Derrick Rankine_
Inmate's Signature

This section to be completed by Housing Officer only
Received completed form  06:45  hours  10/17/03
                          Time        Date

_A. Toyle CEI_
Housing Officer's Signature

_X. Cross._
Hearing Examiner's Signature

HITE – DC-15    YELLOW – Inmate's Copy To Be Given After Action By Hearing Examiner    PINK – Staff Member Reporting Mi

| DC-141    Part 2B | | COMMONWEALTH OF PENNSYLVANIA | | | |
| Rev 6-84 | | DEPARTMENT OF CORRECTIONS | | | |
| DISCIPLINARY HEARING REPORT | | | | | |

| DC Number EU-5850 | Name RANKIN, Derrick | Facility SCI-SMR | Hearing Date 10/22/03 | Hearing Time 11 CC | No. from Part 1 A625801 |
|---|---|---|---|---|---|

| INMATE PLEA | ☐ Guilty    ☐ No Plea ☐ Not Guilty    ☐ Other | Verdict | ☐ Guilty ☐ Not Guilty |
|---|---|---|---|

**HEARING ACTION**

**CHARGES** #38 Class 1 Cat.B - Destroying, altering, tampering with or damaging property

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Rankin pleads not guilty

Claims So's planted the towels

The examiner finds report to be clear and credible. The So clearly reports during a search -2 state towels were found destroyed - and Rankin admitted to tearing the towels —

Based on Report

Guilty #38 ⟩ Assess account for cost of 2 towels 4.15 x 2 = $8.30

| | | |
|---|---|---|
| ☐ YES    ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☐ YES    ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES |
| ☐ YES    ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | witness sheet |
| ☐ YES    ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| Kerri Cross | *Kerri Cross* SIGNATURE OF HEARING EXAMINER/COORDINATOR |

HITE - DC-15        YELLOW - Inmate Cited        PINK - Staff Member Reporting

DC-141, Part 2 E                    COMMONWEALTH OF PENNSYLVANIA
Misconduct Hearing Appeal            DEPARTMENT OF CORRECTIONS

| DC Number EU 5350 | Name Rankine | Institution SCI-SMR | No. From-Part I A625801 |

I was found guilty of misconduct number # 38 _____ - on 10/22/03
                                                              (date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.    OCT 2 3 2003

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

Presently the hearing examiner did Not called my wit
nesses.
     2) I presented the two towels which were given
to me when I lefted the RHU. therefore the evidence
was insufficient to support the verdict, since CIO
Evans and CIO Coughenour have reasons for bias, to
fabricated this misconduct, After placing these clean
ing rags in my cell. I have filed a number of grievances
on CIO Evans and CIO Coughenour had malice towards
me because I reported that he destroyed my incoming
and outgoing mails; my requests to staff and my grievan
ces.
     To show the malice and hatred of CIO Evans and CIO
Coughenous' these CIO)s stole 78 book 30magazines
3 Library books; I tube Colgate toothpaste and 10 (Ho
Eheyelopes and my razor. From my cell and they did
Not Allowed me to observed them while they were search-
ing my cell on 10/14/03. Therefore the hearing examiner
Erred by Accepting these staff members report as
credible without asking my witnesses. Thank you. Thank you

| Inmate's Signature Jemick Rankine | Date 10/22/03 |

| DC-141 | PART 3 | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|---|
| PROGRAM REVIEW COMMITTEE ACTION ☒ Misconduct Appeal ☐ Periodic Review ☐ Other | | DEPARTMENT OF CORRECTIONS | | | |
| DC Number | Name | | Institution | Date of Review | No. from PART 1 |
| EU-5850 | RANKIN, DERRICK | | SCI-SMR | 10/24/03 | A625801 |

PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE

.

The Program Review Committee is in receipt of your misconduct appeal.
As instructed by DC-ADM Directive 801, Section VI.I.1.a., you have
based your grounds for appeal of the Hearing Examiner's decision on
the following:  The procedures employed were contrary to law, Department
Directives, or regulations; The punishment is disproportionate to the
offense; and The findings of fact were insufficient to support the
decision.

You were found guilty of #38, Class I, Category B - Destroying,
altering, tampering with or damaging property.

You were subsequently assess the replacement cost of two (2) towels ($8.30).

PRC has made the following decision based on a view of your appeal, the
misconduct report, any relevant witness statements, and the Hearing
Examiner's rationale and disposition.  Your appeal is denied on all of
your points of appeal.  You are only permitted one (1) staff member as
a witness, and your witnesses must have knowledge of the incident.  Your
request did not meet either one of these requirements.

The punishment is not disproportionate to the offense, and you have not
proven otherwise.

Your comments to the officers at the time of the incident is sufficient
enough to support the Hearing Examiner's decision.

## DECISION RELATIVE TO HEARING EXAMINER'S VERDICT

☐ Not Applicable     ☒ Sustain     ☐ Sustain-Amend          ☐ Refer Back For Further Study          ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| M. Larry Amenti, CCPM | | 10/24/03 |
| Sylvia Gibson, Dep. Supt., Cent. Serv. | | 10/24/03 |
| Daniel J. Gehlmann, Major | | 10/24/03 |

WHITE – DC-15     YELLOW – Inmate Cited     PINK – Staff Member Reporting Misconduct     GOLDENROD –