**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DERRICK RANKINE,<br>    Plaintiff,<br><br>vs.<br><br>RAYMOND SOBINA, et al.<br>    Defendants. | C.A. No. 03-313 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment, or in the alternative, motion to dismiss [Document # 108] be granted. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

    **A.     Relevant Procedural History**

On October 1, 2003, Plaintiff, Derrick Rankine, an inmate incarcerated within the state correctional system of Pennsylvania, filed this *pro se* civil rights action. The original named Defendants are: Superintendent Sobina, Unit Manager McNelis, Unit Counselor Hughes, Correctional Officer Trojan, Unit Manager Mailman, Correctional Officer Heckman, Unit Counselor Herdman, Sgt. Castina, unnamed Members of the PRC, Hearing Examiner Cross, Unit Manager Bertolino, Lt. Steve Simosko, Correctional Officer Munion, Correctional Officer Prince (aka Pritts); Correctional Officer Chapley, Correctional Officer Fey, Correctional Officer Luke, Correctional Officer Heiss, Correctional Officer Huber, Correctional Officer Kromell, Sgt. Stayer, Sgt. Delosh, Lt. Wilson, Grievance Coordinator Joseph, and Mulligan.

Plaintiff has filed several amendments to the original complaint, two of which remain

active in this case.  The original complaint was filed on October 1, 2003 [Document # 3], the first amended complaint was filed on January 15, 2004 [Document # 6], and the second amended complaint was filed on February 12, 2004 [Document # 35].

On May 28, 2006, the original Defendants filed a motion to dismiss or in the alternative for summary judgment.  Document # 108.  Despite being given the opportunity to do so, Plaintiff has not filed a brief in opposition to the pending motion.

**B.    Standards of Review**

**1.    *Pro se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court must consider facts and make inferences where it is appropriate.

**2.    Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3.    Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's

3

claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C.     The Prison Litigation Reform Act
#### 1.     The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

>  no action shall be brought with respect to prison conditions under section 1983 of

>     this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[1] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to a recent decision by the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___ 2006 WL 1698937, * 4-7 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id at * 2.

A plaintiff need not affirmatively plead exhaustion. Ray v. Kertes, 285 F.3d 287 (3d Cir.

---

[1] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

5

2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it.  <u>Id.</u>

### 2. The Procedural Default Component of the Exhaustion Requirement

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context.  <u>Spruill v. Gillis</u>, 372 F.3d 218, 228-229 (3d Cir. 2004).[2]  The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

<u>Id.</u>  Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default."  <u>Id</u>. at 231.

### 3. The Administrative Process Available to State Inmates

No analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages.  First, the prisoner is required to timely submit a

---

[2] There is a split of authority among the Circuits on this issue.  <u>Compare</u> <u>Berry v. Kerik</u>, 366 F.3d 85 (2d Cir. 2004), <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004), <u>and</u> <u>Pozo v. McCaughtry</u>, 286 F.3d 1022 (7th Cir. 2002), <u>with</u> <u>Thomas v. Woolum</u>, 337 F.3d 720 (6th Cir. 2003).

written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days.  Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days.  Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days.  See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 4.     **Exhaustion Applied**

Defendants argue that Plaintiff has failed to exhaust his administrative remedies as to the pending claims and that therefore this case should be dismissed pursuant to the PLRA.  More specifically, Defendants argue that Plaintiff has failed to exhaust his claims in three different ways: 1) Plaintiff failed to file some of the grievances; 2) Plaintiff failed to fully exhaust by not appealing to the highest level; and 3) Plaintiff failed to adhere to procedural rules in order to exhaust in a timely fashion.

A review of Plaintiff's complaints reveals that Plaintiff had not exhausted his administrative remedies as to all the issues raised in this civil action.  Attached to the first amended and second amended complaints are copies of numerous grievance forms.  The motion to file the first amended complaint was filed with this Court on **January 15, 2004.**  Attached to that filing were several documents:

|   |   |   |
|---|---|---|
| A | Inmate Request dated December 10, 2003 |
| B | Grievance 69971 dated December 11, 2003 |
| C | Grievance 65106 dated October 18, 2003 |
| D | Grievance unnumbered dated November 1, 2003 |
| E | Grievance 65098 dated October 18, 2003 |
| F | Grievance 64798 dated October 14, 2003 |
| G | Grievance unnumbered dated September 24, 2003 |
| H | Grievance number 70193 dated December 12, 2003 |

|   |   |
|---|---|
| I | Grievance number 69970 dated December 11, 2003 |
| J | Grievance number 69969 dated December 11, 2003 |
| K | Grievance number 67353 dated November 11, 2003 |
| L | Grievance number 66438 dated October 31, 2003 |
| M | Grievance number 66435 dated October 30, 2003 |
| N | Inmate Request dated December 22, 2003 |
| O | Grievance unnumbered dated January 2, 2004[3] |
| P | Grievance unnumbered dated January 13, 2004 |
| Q | Grievance number 69970[4] dated January 12, 2003 |
| R | Grievance unnumbered dated January 12, 2003 |
| S | Grievance unnumbered dated January 12, 2004 |
| T | Grievance unnumbered dated December 22, 2003 |
| U | Grievance unnumbered dated December 31, 2003 |
| V | Grievance unnumbered dated January 5, 2003[5] and |
| W | Grievance unnumbered dated October 12, 2003 |

Document # 6.

The motion to file the second amended complaint was filed with this Court on **February 12, 2004.** Attached to the proposed amended complaint were several documents:

|   |   |
|---|---|
| AA | Grievance unnumbered dated January 28, 2004 |

---

[3] See infra, Section D.

[4] There are two grievances numbered 69970, one dated January 12, 2003, and one dated December 11, 2003, each bearing an entirely different text. See I and Q, listed above. According to Defendants, the grievance dated January 12, 2003 is the one to which Defendants refer in their brief and supporting declaration [see Document # 112] which leaves the grievance dated December of 2003 as an unnumbered grievance. Both should be dismissed for failure to exhaust. See discussion infra.

[5] Although dated as January 5, 2003, the body of the document refers to events which occurred in early January of 2004. Therefore, this Court presumes that the date of 2003 is an error.

8

        BB       Second grievance unnumbered dated January 28, 2004

        CC       Third grievance unnumbered dated January 28, 2004

        DD      Grievance unnumbered dated January 27, 2004

        EE       Grievance unnumbered dated January 17, 2004

        FF       Grievance unnumbered dated January 29, 2004

        GG      Inmate Request dated January 29, 2004

Document # 33.

     According to the Declaration of Tracy Pollack, Department of Corrections Administrative Officer, grievances are submitted on an official form with three carbon copies which an inmate fills out and submits for review by the facility grievance coordinator. Document # 108, Exhibit A, Declaration of Tracy Pollack. Upon receipt by the grievance coordinator, a number is assigned to the grievance. Id. That number is reflected on the grievance itself in the upper right hand corner. Id. The grievance coordinator also signs and dates the grievance, signifying that the "grievance has been received and will be processed in accordance with the DC-ADM 804." Id. Defendants argue that all of the **unnumbered** grievances have not been exhausted as they have not been submitted for review. Id. Plaintiff has not contradicted this argument nor provided this Court with any evidence to the contrary. Therefore, the Court recommends that summary judgment be granted in favor of Defendants as the claims stemming from events described within D, G, P, Q, R, S, T, U, V, W, AA, BB, CC, DD, EE, and FF have not been exhausted in accordance with the requirements of the PLRA.

     Under the provisions of DC-ADM 804 the exhaustion of one's administrative remedies takes **conservatively** at least 30 business days (counting only the ten business days for the initial reply, an additional ten business days for the intermediate reply, and thirty days for the Central Office to file a reply). The case law makes clear that exhaustion must be completed prior to the filing of the action, or, in this case, prior to the filing of the motion to amend the complaint. McCarthy, 503 U.S. 140. Many of the grievances attached to the first and second amended complaint (including many of the unnumbered ones) are dated less than one month prior to the filing of either of the motions to amend the complaint. In particular, Document GG, the Inmate

9

Request dated January 29, 2004, was attached to the second amended complaint which was filed in this Court on February 12, 2004, only two weeks after the alleged incident. This grievance could not possibly have been exhausted as not enough time had elapsed for Plaintiff to complete the exhaustion process. Therefore, this grievance (GG) has not been exhausted and summary judgment should be granted in favor of Defendants.

Next, Defendants have provided evidence that Grievances numbered 69971, 65106, 65098 and 70193 (listed above as B, C, E, and H) were not appealed to the highest level within the administrative process. Document # 108, Exhibit A, Declaration of Tracy Pollack. Plaintiff has provided no evidence to the contrary. Therefore, summary judgment should be granted in favor of Defendants as to B, C, E and H listed above as Plaintiff has not exhausted these issues.

Additionally, Defendants have provided evidence that Grievance numbers 69970, 69969, 67353, 66438, and 66435 (listed above as I, J, K, L, and M) were sent to the level of final review, but were dismissed as untimely by the Chief Hearing Examiner's Office. Id. Again, Plaintiff does not argue or provide evidence to the contrary. As such, Plaintiff has not complied with the exhaustion requirement and any issues arising out of these grievances (I, J, K, L, and M) should be dismissed.

Attached to Plaintiff's first amended complaint are two Inmate Request forms (listed as A and N above). Such inmate requests constitute a preliminary step to the exhaustion process. It appears from the record presently before this Court that Plaintiff did not pursue the issues contained within these Inmate Requests. Therefore, these issues have not been exhausted and summary judgment should be granted in favor of Defendants.

**D.    The Remaining Claims**

**1.    Unnumbered Grievance dated January 2, 2004**

Plaintiff's grievance (lettered as O above) reads:

> On Friday January 2, 2004, I went to the yard. I was placed in a pen with three other inmates. C/O Munion in an effort to induced "a manic episode" kept calling me "a faggot", "a nigger", "a rapist", "a child molester", a bitch etc. and threatening to killed me, during the whole yard period. It is my contention that Lt. Simosko told staff to placed me in the pen with these inmates and told C/O

10

> Munion to verbal abused me; in an effort to incited these inmates to assaulted me and thus forced me into a fight; on orders from Mr. Sobina and Molligan and Bertolino. It is also my contention that Mr. Sobina and Bertolino place me on grievance restriction in preparation for the above attempt murder of me. It is also my contention that I have been held in the RHU to be murdered by staff. I have repeatedly asked for a Z code; was given a Z code and I was placed in a single pen most time when I went to the yard in the RHU . I have also repeatedly asked for a separation from C/O Munion, Chapley, Pritts, Fey, Coughenour, Lucas, Stayer and Bertolino.

Document # 6, First Amended Complaint, Attachment.

On the face of this document, Plaintiff wrote "I gave Sgt. Brothers this grievance on 1/3/04 and he refused to replaced [sic] it in the grievance box saying it must go to Bertolino." Based on this notation on the face of the document itself, for the purposes of this motion, this Court will assume (without deciding) that Plaintiff could not have exhausted this issue because the administrative remedy process was not available to him.

Even presuming that Plaintiff was interfered with in his attempts at the exhaustion of his issue, the factual allegations contained within the text of the grievance do not rise to the level of a constitutional violation. To the extent that Plaintiff claims these verbal threats constituted cruel and unusual punishment, Defendants are entitled to summary judgment as a matter of law because mere verbal threats do not constitute a sufficiently objective deprivation under the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding verbal harassment generally does not violate the Eighth Amendment); Ivey v. Wilson, 832 F.2d 950, 953-55 (6th Cir. 1987) (holding that verbal abuse, harassment, or arbitrariness by prison officials toward an inmate does not qualify as punishment within the meaning of the Eighth Amendment); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (holding that verbal harassment or abuse, where sheriff laughed at plaintiff and threatened to hang him, was not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983); Partee v. Cook County Sheriff's Office, 863 F.Supp. 778, 781 (N.D.Ill. 1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment). Verbal threats also do not implicate a denial of a liberty interest and so Plaintiff's due process rights were not violated. See Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury

11

which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.") (citations omitted); King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997)(same).

Therefore, Defendants' motion to dismiss should be granted in this regard.

### 2. Grievance number 64798 dated October 14, 2003

Defendants concede that this grievance has been exhausted. The grievance (lettered F above) reads:

> On 10/13/03, I was in my cell on D/A reading. Lt. Regester sent to called [sic] me out of my cell, to discussed [sic] the situation with C/O white which occurred [sic] on 10/12/03. Lt. Regester then began threatening me with A C [sic] investigation and been [sic] shipped out of here; sending me back and forth to my cell for no reason more than to humiliated [sic] me in the presence of other inmates and staff and in retaliation for filing a grievance against C/O White. I asked to see D/A Manager and explained to Lt. Regester again that if C/O White did removed [sic] my grievances off B pod in the RHU, read my grievances; laughed in my face and attempted to throw away by grievances, none of this would have started or occurred [sic].

Document # 6, First Amended Complaint, Attachment.

Defendant Register has previously been dismissed from this case due to Plaintiff's continued failure to serve him in accordance with the Federal Rules of Civil Procedure. See Document # 111. Therefore, the motion to dismiss should be granted as to this claim.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment, or in the alternative, motion to dismiss [Document # 108] be granted. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any

appellate rights.

                                                S/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: September 29, 2006